IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>) Criminal No. 04-CR-10168 PBS |
| v. | )<br>) |
| TAVON ROBINSON | )<br>) |
| Defendant. | ) |

### Government's Response to Defendant's Motion for Bill of Particulars

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, opposes the Defendant's Motion for a Bill of Particulars, and submits this memorandum in support of its opposition.

### INTRODUCTION

On May 27, 2004, a federal grand jury returned a four count indictment against defendant Tavon Robinson ("Robinson"). Count One charges the defendant, and four co-defendants, with conspiring to possess with the intent to distribute, and distribute, cocaine in violation of 21 U.S.C. §846. Count Three charges the defendant, and four co-defendants, with distribution of cocaine, in violation of 21 U.S.C. §841(a)(1). Count Four charges the defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. §922)g)(1). Count Five charges the defendant with being in possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. §924(c)(1)(A).

To date, the government has provided the defendant with the discovery as required by the Federal Rules of Criminal Procedure and the Local Rules for the District of Massachusetts. This discovery included the reports prepared by the Drug Enforcement Administration detailing the transaction alleged in the indictment.

**ARGUMENT**

A bill of particulars is not a matter of right. Whether to grant a request for a bill of particulars rests with the sound discretion of the trial court. United States v. Arboleda, 929 F.2d 858, 869 (1st Cir. 1989); United States v. Paiva, 892 F.2d 148, 154 (1st Cir. 1989). Such motions are allowed in extremely limited circumstances. "The function of a bill of particulars is to provide the defendant with the necessary details of the charges against him to enable him to prepare his defense, to avoid surprise at trial, and to protect against double jeopardy." United States v. Abreu, 952 F.2d 1458, 1469 (1st Cir.), cert. denied, 503 U.S. 994 (1992); see also United States v. Hallock, 941 F.2d 36, 40 (1st Cir. 1991); Arboleda, 929 F.2d at 869; Paiva, 892 F.2d at 154; United States v. Leach, 427 F.2d 1107, 1110 (1st Cir.). cert. denied, 400 U.S. 829 (1970). A bill of particulars is required only where the indictment is too vague and indefinite to accomplish these objectives. United States v. Feliziani, 472 F. Supp. 1037, 1045 (E.D. Pa. 1979), aff'd, 622

F.2d 580 (3rd Cir. 1980); see also United States v. DiCesare, 765 F.2d 890, 897 (9th Cir. 1985), op. amended, 777 F.2d 543 (9th Cir. 1985) (bill of particulars appropriate only where indictment is inadequate to permit the preparation of an adequate defense). Where an indictment adequately details an offense, a bill of particulars is unnecessary. United States v. Matlock, 675 F.2d 981, 986 (8th Cir. 1982); United States v. Giese, 597 F.2d 1170, 1180 (9th Cir.), cert. denied, 444 U.S. 979 (1979).

As the above illustrates, the test to determine if a defendant is entitled to a bill of particulars is whether the information sought is necessary. United States v. White, 753 F.Supp. 432, 433 (D. Conn. 1990). As a general rule in conspiracy cases, defendants do not "need" detailed evidence about the conspiracy in a bill of particulars to prepare for trial. United States v. Feola, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), aff'd, 875 F.2d 857 (2nd Cir. 1989). Additionally, requests for bills of particulars are often denied. See e.g. Paiva, 892 F.2d at 152-53 (district court did not err in denying defendant's motion for bill of particulars specifying dates, times, and places of his aiding and abetting narcotics transactions).

Further, requiring a bill of particulars in this case would improperly limit the government's proof at trial. Feola, 651 F. Supp. at 1132 ("[b]ecause a bill of particulars confines the

government's proof to particulars furnished, requests for a bill of particulars should not be granted where the consequence would be to restrict unduly the government's ability to present its case"). In short, a defendant may not use a bill of particulars "to conduct discovery of the government's theory of a case, to force detailed disclosure of the facts underlying a charge, . . . to restrict the government's proof at trial" or to obtain a preview of the government's proof or theory of a case. United States v. Mannino, 480 F. Supp. 1182, 1185 (S.D.N.Y. 1979); United Sates v. Rosenthal, 793 F.2d 1214, 1227 (11th Cir. 1986), cert. denied, 480 U.S. 919 (1987)(government not required to provide defendant with all overt acts that might be presented at trial); DiCesare, 765 F.2d at 897 (defendants could not obtain the names of any unknown conspirators, discover the exact date on which the conspiracy began, or discover all overt acts by means of a bill of particulars); United States v. Persico, 621 F.Supp. 842, 868 (S.D.N.Y.), aff'd, 774 F.2d 30 (2nd Cir. 1985) (defendants not entitled to discover means by which the government claims they performed acts in furtherance of the conspiracy charged, nor the evidence which the government intends to adduce to prove their criminal acts, nor details as to how and when the conspiracy was formed); United States v. Johnson, 504 F.2d 622, 628 (7th Cir. 1974) (bill of particulars does not entitle defendants to purely evidentiary matters);

4

In this case, the indictment alone is more than adequate to meet the Robinson's needs. It not only specifies the dates of the illegal activity, but also provides details about the conspiracy charged. Because it more than amply outlines the charges, there is no justification for further particularization. United States v. Pollack, 534 F.2d 964, 970 (D.C. Cir.) cert. denied, 429 U.S. 924 (1976); United States v. Goldman, 439 F. Supp. 337, 352 (S.D.N.Y. 1977).

Furthermore, the government has or will make available to the defendant a great amount of information regarding the charged conspiracy, cocaine distribution, and weapons offenses. Where, as here, much of the information sought in the bill of particulars has been (or will be) provided to defense in discovery, there can be no justification for a bill of particulars. United States v. Buckner, 610 F.2d 570, 573 (9th Cir. 1979), cert. denied, 445 U.S. 961 (1980); United States v. Perez, 489 F.2d 51, 70 (5th Cir. 1973), cert. denied, 417 U.S. 945 (1974). As such, Roy's motion should be denied.

## CONCLUSION

Based upon the foregoing, Robinson's motion for a bill of particulars should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: *[signature]*
DAVID G. TOBIN
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I certify that service of the foregoing Response to Defendant's Motion for A Bill of Particulars has been made this 23rd day of August, 2004, upon Paul Markham, Esquire, Post Office Box 1101, Melrose, MA 02176 by United States mail, postage prepaid.

Dated: Aug 23, 2004

David G. Tobin