UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 04-10168-PBS

UNITED STATES OF AMERICA

v.

TAVON ROBINSON

**MEMORANDUM AND ORDER RE:
MOTION OF THE DEFENDANT, TAVON ROBINSON,
FOR A BILL OF PARTICULARS
(DOCKET ENTRY # 27)**

September 22, 2004

**BOWLER, Ch. U.S.M.J.**

Pending before this court is a motion filed by defendant Tavon Robinson (the "defendant") seeking a bill of particulars with respect to Count Four of the Indictment. (Docket Entry # 27). Having conducted a hearing on September 21, 2004, and taken the motion under advisement, the motion (Docket Entry # 27) is ripe for review.

Count Four names only the defendant and charges him with being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). (Docket Entry # 27). It identifies the date as well as the two firearms at issue by name and serial number. The Indictment thus identifies the charge against the defendant and more than sufficiently enables him "to prepare a defense; to prevent double jeopardy; and to avoid surprise at trial." United States v. Hallock, 941 F.2d 36, 40 (1st Cir. 1991).

"The function of a bill of particulars is to provide the

defendant with the necessary details of the charges against him to enable him to prepare his defense, to avoid surprise against trial, and to protect against double jeopardy." United States v. Abreu, 952 F.2d 1458, 1469 (1st Cir. 1992); accord United States v. Leach, 427 F.2d 1107, 1110 (1st Cir. 1970); see also Wong Tai v. United States, 273 U.S. 77 (1927); United States v. Haas, 583 F.2d 216 (5th Cir. 1978). A bill should only be granted when an indictment is so vague that it does not comply with these purposes. United States v. Bloom, 78 F.R.D. 591, 599 (E.D. Pa. 1977); see United States v. Andrus, 775 F.2d 825, 843 (7th Cir. 1985) (bill required when indictment so general by failing to advise defendant of specific acts accused).

Further, a bill of particulars is not a matter of right, and the decision to grant or deny such a request rests with the sound discretion of the trial court. United States v. Paiva, 892 F.2d 148, 154 (1st Cir. 1989). A defendant is not entitled to recover evidentiary matters by filing a motion for a bill of particulars. See United States v. Johnson, 504 F.2d 622, 628 (7th Cir. 1974); Overton v. United States, 403 F.2d 444 (5th Cir. 1986); Hemphill v. United States, 392 F.2d 45 (8th Cir. 1968); United States v. Sandler, 462 F.2d 122 (6th Cir. 1972); United States v. Wolfson, 413 F.2d 804, 808 (2d. 1969) (identity of persons present at time of offense).

Moreover, the government represents that it has provided the defendant with the discovery required by the Federal Rules of Criminal Procedure as well as the Local Rules for the District of

Massachusetts.  Thus, while the bill requested by the defendant may be helpful in preparing a defense, it is not necessary.  The defendant has failed to adequately demonstrate that his own investigation based on the evidence available to him would not be sufficient to prepare an adequate defense, see United States v. Belardo-Quinones, 71 F.3d 941, 943-944 (1st Cir. 1995) (upholding denial of bill of particulars while noting that indictment contained enough information for the defendant to prepare a defense and the record showed no attempts by the defendant to obtain the requested information independently), or to protect him from prejudicial surprise at trial.  The government is not required to provide the defendant with the details of the evidence it intends to introduce or the purposes for which it intends to introduce the evidence.  United States v. Finley, 705 F. Supp. 1272, 1278 (N.D. Ill. 1988).

   Accordingly, the motion (Docket Entry # 27) is **DENIED**.


                                      _____s/s_____
                                      **MARIANNE B. BOWLER**
                                      United States Magistrate Judge