UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                         )  CRIMINAL NO. 04-10168-PBS
        v.               )
                         )
TAVON ROBINSON,           )
        Defendant       )
                         )

**Government's Motion In Limine Concerning
Sequestration Of Witnesses**

The United States of America, by Michael J. Sullivan, United States Attorney, and Michael J. Pelgro and David G. Tobin, Assistant U.S. Attorneys, hereby files this motion in limine concerning sequestration of witnesses. The government requests that the Court order that the witnesses be sequestered outside of the courtroom so that they not hear each other's testimony but that the Court exclude Drug Enforcement Administration Special Agent Steven Story from that order and allow him to remain in the courtroom during the trial.

In support of this motion, the government states that Rule 615 of the Federal Rules of Evidence provides that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses." Rule 615(2), however, provides an exception for "an officer or employee of a party which is not a natural person designated as its representative by its attorney." As the 1972 Advisory Committee Notes explain, this exception was intended to follow existing case law, which allows "a police officer who has been in

charge of an investigation to remain in court despite the fact that he will be a witness."  The 1974 Advisory Committee Notes confirm that this exception is meant to apply to an "investigative agent" whose presence in the courtroom may be helpful to government counsel "although the agent is or may be a witness."

The First Circuit has long recognized the Rule 615(2) exemption for the government's case agent.  In United States v. Machor, 879 F.2d 945, 953 (1st Cir. 1989), the Court affirmed the district court's decision in a cocaine case not to exclude the case agent while a government informant was testifying, ruling that "a case agent representing the government is within [the Rule 615(2)] exception" and that Rule 615(2) "has severely curtailed the discretion of the trial court to sequester the government's case agent."  Id.

> Many district courts permit government counsel to have an investigative agent at counsel table throughout the trial although the agent is or may be a witness.  The practice is permitted as an exception to the rule of exclusion and compares with the situation defense counsel finds himself in – he always has the client with him to consult during the trial.  The investigative agent's presence may be extremely important to government counsel, especially when the case is complex or involves some specialized subject matter.  The agent, too, having lived with the case for a long time, may be able to assist in meeting trial surprises where the best-prepared counsel would otherwise have difficulty.

Id. (*quoting* Senate Report No. 93-1277 as quoted in 10 Moore's Federal Practice 2d § 615.01[2] (1988)).  *See also* 1974 Advisory Committee Notes (same).

Based on the foregoing, therefore, the government respectfully requests that the Court make an exception to the sequestration order for Special Agent Story, in accordance with Rule 615(2).

<div style="margin-left: 50%;">

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/Michael J. Pelgro
Michael J. Pelgro
David G. Tobin
Assistant U.S. Attorneys

</div>

DATED:     December 27, 2004.