```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS
```

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Criminal No. 04-CR-10168-PBS |
| v. | ) | |
| | ) | |
| **TAVON ROBINSON** | ) | |
| | ) | |
| Defendant. | ) | |

### GOVERNMENT'S SECOND MOTION IN LIMINE: ADMISSION OF EVIDENCE CONCERNING DEFENDANT'S POSSESSION OF COCAINE BASE AND MARIJUANA

The United States of America, by its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and David G. Tobin and Michael J. Pelgro, Assistant U.S. Attorneys, hereby files this motion in limine concerning the cocaine base and marijuana found during a post-arrest search of the defendant. The government requests that the Court permit the admission of evidence that 0.51 grams of cocaine base and 3.9 grams of marijuana were found in the pants pockets of the defendant during a post-arrest search of the defendant.

In support of this motion, the government has attached the DEA-6 Report of Special Agent (SA) Kevin Sawyer, dated April 13, 2004, detailing the defendant's April 12, 2004 distribution of 28.2 grams of cocaine to SA David Ditullio, who was working in an undercover capacity. The attached report also details the defendant's subsequent attempt to flee from law enforcement authorities, the post-arrest search of the defendant, and the recovery of the cocaine base and marijuana from the defendant. The government also has attached the DEA-7 Reports pertaining to

the laboratory testing of the cocaine base and marijuana.

The post-arrest search which resulted in the recovery of the cocaine base and marijuana occurred immediately after the defendant's sale of cocaine to the SA DiTullio. The post-arrest search also recovered the $2,350 in Official Agency Funds used by the SA Ditullio to purchase the cocaine from the defendant, and the plastic bag the defendant used to carry the cocaine he distributed to SA Ditullio and the cocaine base found on the defendant during the post-arrest search.

Evidence of the cocaine base and marijuana recovered during the post-arrest search of the defendant is directly relevant and admissible as it is "inextricably intertwined" with the conspiracy and distribution crimes charged in the indictment.[1] United States v. Collazo-Aponte, 216 F.3d 163, 187 (1st Cir. 2001) (drug paraphernalia seized from defendant's apartment admissible even though other conspirators were already in jail); United States v. Candelaria-Silva, 162 F.3d 698, 705 (1st Cir. 1998) (various forms of drugs and drug paraphernalia admitted to

---

[1] Any argument by the defense that Fed. R. Evid. 404(b) is implicated must fail as Rule 404(b) does not apply when the evidence concerning the "other" act and the evidence concerning the crime charged are "inextricably intertwined." United States v. Rodriguez-Estrada, 877 F.2d 153, 156 (1st Cir 1989). Also see United States soliman, 813 F.2d 277, 279 (9th Cir. 1987)(The policies underlying Riule 404(b) do not apply when "some offenses committed in a single criminal episode become 'other acts' because the defendant is indicted for less than all his actions.")

2

show defendant's "involvement in a far ranging narcotics conspiracy").  The fact that other drugs were also found in the same search also makes the items seized admissible.  E.g., Candelaria-Silvia, 162 F.3d at 705;  United States v. Nicholson, 17 F.3d 1294, 1298 (10th Cir. 1994) (evidence that other drugs were seized from defendant constituted probative evidence going to his knowledge, state of mind, intent, motive, and absence of mistake and was "inextricably intertwined" with the charged offense); United States v. Taylor, 106 F.3d 801, 803 n. 2 (8th Cir. 1997) (prior possession of other drugs not charged in the indictment, "even in an amount consistent only with personal use," admissible to show such things as "knowledge and intent of a defendant charged with a crime in which intent to distribute drugs is an element").

Any claim under Rule 403 that the probative value of this evidence is somehow outweighed by prejudice, or the possibility of confusion or misleading the jury must also fail.  The defendant's obligation in advancing any such argument is to show that any prejudice is in fact "unfair" and substantially outweighs the probative value.  Although evidence of other crimes invariably prejudices a defendant, "the prejudice is frequently outweighed by the relevancy of the evidence. . . ."  United States v. Francesco, 725 F.2d 817, 822 (1st Cir. 1984) (citations omitted).  "The fact that a piece of evidence hurts a

3

party's chances does not mean it should automatically be excluded, [or] there would be precious little left in the way of probative evidence in any case." United States v. Carty, 993 F.2d 1005, 1011 (1st Cir. 1993).

Based on the forgoing, therefore, the government respectfully requests that the Court allow the admission of evidence concerning the cocaine base and marijuana found during the post-arrest search of the defendant.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

   By: /s/ David G. Tobin
       DAVID G. TOBIN
       MICHAEL J. PELGRO
       Assistant U.S. Attorneys

Dated: January 3, 2005