IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 04-CR-10168 PBS |
| v. ) | |
| ) | |
| TAVON ROBINSON ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S POST-TRIAL MOTION**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and David G. Tobin and Michael J. Pelgro, Assistant U.S. Attorneys, hereby opposes the defendant's post-trial motion for the Court to examine a juror and moves this Honorable Court to deny the defendant's motion.

**Background**

On January 10, 2005, after a six day jury trial, the defendant was convicted of conspiracy to distribute cocaine, distribution of cocaine, being a felon in possession of a firearm, and possession of a firearm in furtherance of a drug trafficking offense, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and 18 U.S.C. §§ 922(g)(1) and 924(c)(1). After the jury foreperson announced the verdict, each juror was individually polled and affirmed the verdict.

On January 11, 2005, the defendant's counsel filed a motion with the Court to examine an unnamed juror.  In support of the

motion, the defense filed an affidavit from Brian Morris, a "friend" of the defendant. In his affidavit, Mr. Morris alleges that he spoke with a juror after the trial in the lobby of the courthouse. The defendant cites the alleged comments of the juror as the basis for his post-trial motion to examine the juror.

**Argument**

Federal Rule of Evidence 606(b) and Supreme Court precedent specifically prohibit the course of action requested by the defendant. Fed. R. Evid. 606(b) states, in part, "a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith." The only exception to this rule is that "a juror may testify on the question whether extraneous prejudicial information was properly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror."

The Supreme Court has recognized the long held practice of not allowing juror testimony to impeach a jury verdict. In <u>Tanner v. United States</u>, the Supreme Court noted "[b]y the beginning of this century, if not earlier, the near-universal and

firmly established common-law rule in the United States flatly prohibited the admission of juror testimony to impeach a jury verdict (common-law rule, originating from 1785 opinion of Lord Mansfield, 'came to receive in the United states an adherence almost unquestioned'). Exceptions to the common-law rule were recognized only in situations in which an 'extraneous influence,' was alleged to have affected the jury." Tanner v. United States, 483 U.S. 107, 117 (1987)(citations omitted). In Tanner, the Supreme Court favorably cited its 1915 decision in McDonald v. Pless, 238 U.S. 264, 267-268 (1915):

> [L]et it once be established that verdicts solemnly made and publicly returned into court can be attacked and set aside on the testimony of those who took part in their publication and all verdicts could be, and many would be, followed by an inquiry in the hope of discovering something which might invalidate the finding. Jurors would be harassed and beset by the defeated party in an effort to secure from them evidence of facts which might establish misconduct sufficient to set aside a verdict. If evidence thus secured could be thus used, the result would be to make what was intended to be private deliberation, the constant subject of public investigation-to the destruction of all frankness and freedom of discussion and conference.

Tanner v. United States, 483 at 119-120.

The Supreme Court continues to view post-verdict inquiry into jury deliberations as fraught with danger. In Tanner, a more modern Court noted "Federal Rule of Evidence 606(b) is grounded in the common-law rule against admission of jury testimony to impeach a verdict and the exception for jury testimony relating to extraneous influences." Tanner v. United States, 483 U.S. at 121. (citations omitted)

The defendant petitions this Court to conduct a post-verdict interview of an unnamed juror in order to make inquiry about an alleged matter wholly internal to the jury's deliberations.  This is strictly prohibited by Fed. R. Evid. 606(b) and Supreme Court precedent.  The defendant has not alleged that the jury deliberations were potentially tainted by extraneous influences, such as jurors being exposed to newspaper accounts of excluded information, but rather contends that a juror apparently felt pressured to vote for conviction.  Fed. R. Evid. 606(b) specifically prohibits jurors from testifying as to "any matter or statement occurring during course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent or dissent from the verdict..."

## Conclusion

For the reasons stated above, the United States requests that this Honorable Court deny the defendant's motion and refuse to conduct the requested post-trial interview of a juror.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                     By:  */s/ David G. Tobin*
                              DAVID G. TOBIN
                              MICHAEL J. PELGRO
                              Assistant U.S. Attorneys

Dated:   February 10, 2005

CERTIFICATE OF SERVICE

    I certify that service of the foregoing Response to Defendant's Motion for A Bill of Particulars has been made this 10th day of February, 2005, upon Paul Markham, Esquire, Post Office Box 1101, Melrose, MA 02176 by United States mail, postage prepaid.

Dated:  February 10, 2005                              */s/ David G. Tobin*
                                                            David G. Tobin