UNITED STATES DISTRICT COURT

FOR THE FIRST CIRCUIT

Tavon Robinson

    v

United States

MOTION TO VACATE, SET ASIDE OR
CORRECT A SENTENCE, PURSUANT TO
TITLE 28 USC § 2255

Petitioner, Tavon Robinson, hereby petitions for a writ of Habeas Corpus pursuant to 28
USC §2255 and for His petition, respectfully aver, under the pains and penalties of
perjury as follows:

This is a petition brought pursuant to 28 USC §2255. Based on the facts herein alleged,
and the accompanying exhibits, Robinson moves this court to vacate, set aside or cor-
rect His sentence on the grounds: 1)that He received a sentence in excess of the maxi-
mum authorized by law, 2)unconstitutional jury proceedings, 3)that 18 USC §922(g)(1) is
unfairly prejudicial, 4)violation of the Speedy Trial Act, 5)Evidence was improperly
introduced, 6)prosecutorial misconduct, 7)ineffective assistance of counsel.

<u>CASE SUMMARY</u>

Robinson was charged with 21 USC 846, Conspiracy to possess with intent to distribute
and to distribute cocaine; 21 USC 841(a)(1), possession with intent to distribute and
distribution of cocaine; 18 USC 922(g)(1), felon in possession of a firearm, and 18 USC
924(c)(1)(A), possession of a firearm in furtherance of a drug trafficking offense.
[d.72]* . A motion to suppress was filed and denied. Robinson's trial began in the U.S.
District Court, Judge Saris presiding, on January 3, 2005. on the third day of trial,
Robinson plead guilty to the two drug counts in the indictment. The jury found Robinson

---

* The citation "[d._]" refers to a docket entry. Citations to trial transcripts are to
the day and page of the trial; thus "[3:33]" refers to page 33 of the third day.

guilty of both firearm charges. On April 27,2005 Robinson was sentenced to serve 137 months incarceration, and three years of supervised release. [st.39,45].[*] Robinson was appointed new counsel for His direct appeal. The First Circuit Court of Appeals denied His appeal on January 11, 2007. Robinson did not file a petition for a writ of certiorari.

1

## ROBINSON'S SENTENCE IN EXCESS OF THE MAXIMUM AUTHORIZED BY LAW

### A) PRIOR CONVICTION'S

1)ROBINSON'S PRIOR CONVICTION'S FOR "RESISTING ARREST" AND "POSSESSION OF AMMUNITON" ARE NOT CONSTITUTIONAL. [PSR¶93, 84, 108][A.1, 2].

Robinson filed motion's in Suffolk Superior Court, pursuant to Mass.R.Crim.P.30(b), moving for a new trial and to vacate His prior convictions for "Resisting Arrest" and "Possession of Ammunition." His motion was denied by Judge Patrick Brady. Robinson filed a notice of appeal, and is awaiting a response. Robinson requests that the U.S. District court review and reverse these prior convictions, and recalculate His sentence as the convictions were obtained unlawfully. Sense this Court used Robinson's prior convictions as a "sentencing factor" then it must be able to review the legality of the convictions.

While Apprendi v New Jersey, 530 US 466,147 L Ed 2d 435, 120 S Ct 2348; Blakely v Washington, 124 S. Ct. 2531; and United States v Booker,543 U.S. 220 have not yet been explicitly applied to the criminal history or prior convictions portion of a sentence, a majority of the Supreme Court Justices are on record that they believe prior convic-

---

*Sentencing hearing transcripts are cited as "[st._]." Pre Sentence Report is cited as "[PSR]" The citation "[A._]" refers to attachments.

tions should be considered a fact increasing the sentence range which must be either
admitted or proven to the jury. In Shepard v United States, 125 S. Ct. 1254; 161 L. Ed.
2d 205, decided after Booker, the court strongly suggested that the prior conviction
exception should be viewed narrowly and that Almendarez-Torres v United States,523 U.S.
224, 231-234, 242-246, 140 L. Ed. 2d 350, 118 S. Ct. 1219, on which this exception is
based, may soon be overturned.


2)MISDEMEANORS/PETTY OFFENSES
Based on the courts historical legal practice when dealing with a defendants prior con-
victions, Robinson's criminal history is overstated. Robinson's criminal history cate-
gory was emphatically increased due to misdemeanors/petty offenses. USSG 4A1.2(c)(1)(A)
regarding "term of probation of at least one year" has been amended to provide that a
misdemeanor/petty offense sentence will count if there is a sentence of probation of
GREATER than one year. Robinson requests that an equivalent review be applied to His
prior offenses under 4A1.1(b) and 4A1.1(c):
PSR ¶'s 86, 89, 90, 92

### B)USSG §2K2.1(b)(5) IS UNCONSTITUTIONAL
There is no such thing as a "loophole" in the law. Something is either lawful or against the law. The fifth
article to the United States Constitution states,"no person shall be held to answer for a capital or
otherwise infamous crime, unless on the presentment or indictment of a grand jury." Robinson was neither
charged or indicted for steeling any firearms, therefor His sentence can not be in-
creased merely because firearms were "reported stolen." The law states that a defendant
can only be punished for the act he is convicted of. Furthermore, the government is
well aware of who, in fact, stole the firearms.
Robinson's two level increase under USSG §2K2.1(b)(5) must be taken off because it is

3

unconstitutional.

## C)USSG §3C1.1(A) and(B) is UNCONSTITUTIONAL

The court illegally modified Robinson's indictment by enhancing Him two levels for obstruction of justice. "no person shall be held to answer for a capital or otherwise infamous crime, unless on the presentment of an indictment of a grand jury." [Constitution V Amendment]. A jury can only return a verdict on the elements that are cited in the indictment. To base the verdict on anything else would violate the due process clause of the fifth amendment, along with the fair notice subclause of the indictment clause. Based on the courts historical legal practice, in Blakely, the U.S. Supreme Court applied the rule of Apprendi, that any fact other than a prior conviction that increases a sentence beyond the statutory maximum must be found by a jury beyond a reasonable doubt. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his/her proper authority. After an indictment has been returned, its' charges may not be broadened through amendment except by the grand jury. In the absence of a charge in the indictment, it is reversible error for the court to sentence a defendant for "obstruction of justice." Although the trial court did not permit a formal amendment of the indictment, the effect of what it did was the same. Robinson's two level increase for obstruction of justice, under USSG §3C1.1(A) and (B) must be taken off because it is clearly unconstitutional.

## D)CRIMINAL HISTORY IS NOT A VIOLATION OF THE LAW

The Constitution is the Supreme law of the land. A law that violates the Constitution is unconstitutional and therefor unenforceable. Any conflict between the Constitution and laws passed by congress, the Constitution must always take precedence. Once the Supreme Court rules that an act of the lower courts is unconstitutional, it lacks the legal authority to state in its' next breath that the ruling it made is not retroactive to all cases, whether pending, ongoing or finalized.

4

When the Supreme Court rules that an act of the lower courts is unconstitutional, the essence of that statement is that the lower courts actions are in violation of the law, i.e., a crime. If this violation of the law was committed by the lower courts during a defendants trial or sentencing, then the defendants trial or sentence, or both, is illegal.

ln Robinson's case, His sentence was based on acts that the law does not make criminal, i.e., prior criminal conduct. The courts of the United States deems a defendants prior criminal conduct a "sentencing factor." The explanation that the court gives as to how a defendants prior criminal conduct factors into his sentence was expressed in Almendarez-Torres. The Supreme Court stated in Almendarez-Torres that, "recidivism... is a traditional, if not the most traditional, basis for a sentencing courts increasing of an offender's sentence." This reasoning by the Supreme Court is not supported by the Constitution or any other laws of the United States of America. A law does not come into affect by the courts calling it a "tradition." If all it takes to give something legal standing is to call it "traditional" practice, then Robinson can claim that His instant offense is His "tradition" and demand to be released from prison on the grounds that His acts were based on "traditional practice." If Robinson were to make such an argument, the court would dismiss His motion as meritless and frivolous, but it is no more meritless than the courts position that His prior criminal conduct is a sentencing factor. Robinson's prior criminal conduct does not relate to the commission of His present offense.

The fifth article   to the constitution states, "No person shall be held to answer for a capital or otherwise infamous crime, unless on the presentment or indictment of a grand jury..." An indictment is a prerequisite which gives the court jurisdiction to  try and sentence a defendant to imprisonment. The purpose of the fifth amendment reqiurement that a man be indicted by a grand jury is to limit his jeopardy to of-

fences charged by a group of his fellow citizens, acting independently of either pro-
secuting attorney or judge. This purpose is defeated by a method which subjects the
defendant to prosecution for an act that the grand jury did not charge. The Courts of
the United States have devised a method, known as a sentencing factor, to circumvent
the protection guaranteed by the fifth, sixth and fourteenth amendments.

An indictment is the means by which a defendant is brought to trial. Its  purpose is
to identify a defendants alleged offense. No law exists making it a crime for Robin-
son to have a criminal past. The courts of the United States refer to a defendants
criminal past as many different names, but it still boils down to basing a defendants
sentence on acts that the law does not make criminal. **What legal authority gives the
court the power to base Robinson's sentence on His prior criminal conduct?** If the
courts contention that Robinson's prior criminal conduct is a sentencing factor,as
claimed, then it should not be difficult to give Him a response to His argument that
is grounded in law. The courts historical legal practice is without merit, i.e., not
supported by law.

The Sentencing Commision states that, "Repeated criminal behavior is an indicator of
a limited likelihood of a successful rehabilitation." There is no existing law that
makes it a crime for a person to have a "limited likelihood" to do anything.

Neither reason given, by the courts or the Sentencing Commission, is supported by any
law of the United States. Robinson's argument is supported by the Supreme law of the
land, i.e., the United States Constitution. Based on the above facts, Robinson's sen-
tence is illegal and He has a constitutional right to be resentenced. His offense le-
vel is the base offense level for a firearm charge, with no criminal history category
sense a defendants criminal history does not violate any laws of the United States.

2
## UNCONSTITUTIONAL JURY PROCEEDING'S AND SELECTION

### A) BIASED JUROR

The possibility of a biased juror went unchecked by all officer's of the court, which is a direct violation of Robinson's sixth amendment right. [2:123-125]. Not one officer of the court inquired to find out whether or not this juror could remain impartial. No officer of the court made it known to Robinson that He had a possible biased juror sitting; He had to learn later down the line through His trial transcripts. Robinson should have been made aware of the juror and the juror should not have been allowed to deliberate with out the court knowing, for sure, that he was not biased. Robinson requests a new trial based on the possibility of a biased juror.

### B) JURY SELECTION

"In all criminal prosecution's, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and **district** wherein the crime shall have been committed, which **district** shall have been previously ascertained by law. [United States Constitution, Amendment VI]. **DISTRICT:** A territorial area into which a country, state, **county,** municipality or other political subdivision is divided for judicial, political, electoral or administrative purposes. [Black's Law Dictionary: 8th edition].

The American concept of the jury trial contemplates a jury drawn from a fair cross section of the **community.** This requirement is fundamental to the right to jury trial guaranteed by the sixth amendment. Robinson had both an under representation of minorities and people from His **community/district**, i.e., Suffolk County on His jury. No minorities were on His jury and to the best of His knowledge, only one was in the entire jury pool. There was no jurors from His **community/district**, wherein the crime was committed, on His jury. A jury is not impartial if it can not identify with a de-

7

fendant nor the defendant's **community/district**, wherein the crime was committed. At the time of His trial, Robinson was a twenty-four year old, young Black Man, from Suffolk County. His jury consisted of all middle aged white men and women, from dominantly suburban **communities/districts**, outside of Suffolk County. This disparity in age, race, culture and environment can not be ignored; it is the reality of the situation. The juror's who deliberated over Robinson and His instant offense were not fair and impartial, thus Robinson requests a new trial with the safeguards of the fair jury selection and process guaranteed by the sixth amendment.

## 3
## 18 USC §922(g)(1) IS UNFAIRLY PREJUDICIAL

Based on the court's historical legal practice, the **fact** of a prior conviction does not have to be proven to a jury. Apprendi, 530 U.S. at 490. Therefor, having a jury determine the **fact** of a prior conviction is both unnecessary and unfairly prejudicial under 18 USC §922(g)(1). The **fact** of a prior conviction, based on the court's historical legal practice, is determined at the sentencing phase of the legal process, not during trial, e.g., ACCA and Career Offender.

The fairness and integrity of the trial process is unquestionably tainted, simply by the language of the 18 USC §922(g)(1) statute. There is absolutely no legal purpose for having the term "felon" in a defendant's indictment, because the court's historical legal practice has always been to deal with a defendant's prior conviction's at the sentencing phase of the legal process. There is also no legal purpose for having a jury determine whether or not a defendant committed a felony, because based on the court's historical legal practice, a prior conviction is a "sentencing factor." The jury's duty is to determine whether or not a defendant possessed a firearm, period. It is the sentencing judge's duty, based on historical legal practice, to determine if a defendant possessed a firearm **after** committing a felony.

8

Juror's are not asked if they can remain fair and impartial, even after learning that a defendant has already committed a felony, before they are sworn into duty. Robinson requests that the court vacate His conviction under 18 USC 922(g)(1), as the conviction was obtained unlawfully, because the statute is unfairly prejudicial on its' face.

## 4
## VIOLATION OF SPEEDY TRIAL ACT

Robinson's pre-indictment delay violated the time limits and exclusions set forth in 18 USC §3161(b). Robinson was arrested on April 12, 2004, but not indicted until May 27, 2004. [d.1 & 21]. Due to this blatant violation of the Speedy Trial Act, Robinson's indictment must be dismissed as untimely.

## 5
## EVIDENCE IMPROPERLY INTRODUCED

New evidence was discovered, in the middle of Robinson's trial, which warranted a continuance. [2:126-128]. Robinson was not able to properly investigate the new evidence. The new evidence, which was improperly introduced, was sufficient enough to acquit Robinson of both firearm offenses, if it were properly investigated and introduced.
Robinson requests that He be permitted to properly investigate the newly discovered, improperly introduced evidence, and introduce it at a new trial.

## 6
## PROSECUTORIAL MISCONDUCT

On direct appeal from Robinson's conviction, the government, and the appeals court for the First Circuit, conceded that Robinson's trial was marred by a persistent pattern of misconduct by the government. [gvt.br. 15-17, 25-26, 32-34, 38-39, 44].[1] [Ap. Br. 10-12, 16-19][2]

One error, at least, was clear and obvious, and it affected Robinson's substantial right's and seriously impaired the fairness of the judicial process. The government consistantly referred to Robinson's prior involvement with drugs throughout His trial. Even after He plead guilty to both drug offenses on the third day of trial, the government still focused on His prior involvement with drugs. The government claimed that it needed to establish that Robinson had a knowledge of drugs and drug dealing in order to illustrate why He would possess a firearm at a drug deal. The government's reasoning for continuously referring to Robinson's prior involvement with drugs is without merit, because He stipulated to prior drug offenses, at the beginning of His trial, so the jury had more than enough facts to draw up their own conclusion of Robinson's knowledge of drugs and drug dealing during deliberations. The government engaged in clear and obvious misconduct by constantly referring to Robinson's prior drug involvement. There was no legal purpose for constantly referring to His prior drug involvement, and the only purpose for the government to pursue that line of questioning was to dirty Robinson's character up.

Robinson requests a new trial which will lack the constant errors and character assasination that was committed by the government at His trial.

7

## INEFFECTIVE ASSISTANCE OF COUNSEL

Attorney Markham was ineffective during many stages of Robinson's legal process. His performance fell below an objective standard of reasonableness and his deficient performance prejudiced Robinson, resulting in an unreliable, unfair outcome of His procedings. Every defendant is entitled to a trial in which his interests are vigorously

---

[1] Government Brief is cited as, "[gvt.br. ___ ]"

[2] United States Court of Appeals brief is cited as, "[Ap.Br. ___ ]"

and conscientiously advocated by an able attorney. A proceeding which the defendant does not receive meaningful assistance in meeting the forces of the government does not constitute due process. Robinson made it clear, in writing, before and during His sentence hearing, to Markham and the court, that He felt that Markham's performance fell below an objective standard of reasonableness, and that his deficient perform- ance prejudiced Him. [st. 3 & 4].

## A) PRIOR CONVICTION'S

1) Robinson constantly requested that Markham file a motion, in Suffolk Superior Court, to vacate two of His prior convictions which were obtained unconstitution- ally. Markham completely ignored Robinson's request, and never pursued that line of defense. [st. 6-8]. If Markham had pursued that line of defense, Robinson would have had a good chance of having two unconstitutional convictions removed from His record, as well as received a lighter sentence on His instant offense. Markham was actually ignorant to the law, in regards to how Robinson's prior con- victions affected His guideline sentencing range, and he advised Robinson incorec- tly due to his ignorance. [st.8]. Markham's failure to file a motion to vacate Robinson's prior conviction's as well as his misadvice on how His priors would a- ffect His sentencing range made him ineffective to Robinson at the sentencing phase of the legal process.

2) There is no legitamate basis, in law or in fact, for Robinson to be enhanced for His prior criminal history. Markham was ineffective at the sentencing phase of Robinson's legal process for not objecting to any form of an enhancement based on His prior conviction's.

11

### B) UNCONSTITUTIONAL JURY PROCEEDINGS AND SELECTION

Attorney Markham never informed Robinson of the juror who had the potential of being biased. [2:123-125]. Robinson discovered this fact, on His own, while reviewing His trial transcripts. Robinson was entitled to at least be informed of this juror. Markham was ineffective for not informing Robinson of the potential biased juror, and for not requesting for further inquiry of the jurors ability to remain impartial. Markham was also ineffective for not objecting to the jury selection procedure. There was clearly an under representation of minorities and people of Robinson's **community/ district.** His failure to object to the jury selection procedure was the result of him not enforcing the Supreme Law of the land, i.e., the Constitution, as is his duty as an officer of the court.

### C) VIOLATION OF SPEEDY TRIAL ACT

Robinson's pre-indictment delay violated the time limits and exclusions set forth in 18 USC §3161(b). Robinson was arrested on April 12, 2004, but not indicted until May 27, 2004. [d. 1 & 21]. Markham should have moved the court to dismiss Robinson's indictment, as it was clearly untimely.

### D) EVIDENCE IMPROPERLY INTRODUCED

New evidence was discovered in the middle of Robinson's trial which called for a continuance. Markham failed to even request a continuance in order to thoroughly investigate the new evidence. [2:126-128]. The evidence was efficient enough to acquit Robinson if it were properly investigated and presented. Markham even admitted that he felt if the evidence was properly investigated the results of Robinson's trial may have been different. [st.19]. Instead of asking for a continuance and properly inves-

12

tigating the new evidence, Markham blames the government for its failure to properly
investigate. [st.19]. The improperly introduced evidence was sufficient enough to ac-
quit Robinson of both firearm charges if it were properly investigated and intro-
duced.
Markham's failure to request a continuance and to investigate the new evidence that
was introduced at Robinson's trial is a clear example of a defendant not receiving
effective assistance  during the trial stage of the judicial proceeding.

### E) INCONSISTENT OBJECTIONS AND FAILURE TO REQUEST INSTRUCTION

There was, in fact, government misconduct all through out Robinson's trial. [gvt.br.
15-17,25-26,32-34,38-39,44] [Ap.Br. 10-12,16-19]. Errors continuously occurred which
were very clear and obvious. Markham's inconsistent objection's to these errors ac-
tually contributed to the continuation of them. [Ap.Br. 8,12-14] [gvt.br 26,32,40-41]
Markham also harmed Robinson  by not requesting curative instructions to address par-
ticular questions and comments by the government. [gvt.br. 27,44] [Ap.Br. 18].
Markham's inconsistent objection's and failure to request curative instructions
harmed the fairness of Robinson's trial, making him ineffective and harmful to Him
during trial.

### F) CONCEDING GUILT AND DELAYED PLEA

The result of Robinson's trial would have been different had Markham's performance
not been deficient. Markham admitted Robinson's guilt of the drug count's, which sup-
ported inferences needed to find Him guilty. The sixth amendment required Markham to
put the government's case to the test, through vigorous partisan advocacy. If the de-
cision to stand trial has been made, counsel must hold the government to its heavy

burden of proof beyond a reasonable doubt. Markham inappropriately lessened the government's burden by telling the jury that Robinson was guilty of the drug counts. His error, in not allowing Robinson to plead to the drug count's before trial, and using admission as a trial strategy clearly resulted from ignorance of the law rather than from informed professional deliberation. Markham wrongfully believed that by admiting to the drug's, the government no longer had the burden of proving their case on the drug's beyond a reasonable doubt. [Ap.Br. 6-7,18]. Markham's mistake of believing that the government no longer had to prove its case on the drugs, after admission caused him to advise Robinson wrongly on not pleading before trial started. Robinson was ready to plead to the drug count's before trial. Markham not allowing Robinson to plead to the drugs harmed Him during trial even more than the actual evidence against Him on the firearm's, because though the evidence against Him was sufficient to secure a guilty verdict, it was not overwhelming. [Ap.Br. 18]. Because no plea was entered on the drug count's, the majority of Robinson's trial was based on His prior involvement with drugs; not firearms.

Markham should have allowed Robinson to plead to the drug count's before trial instead of conceding His guilt to the jury.

### G) STIPULATION'S

### a) FINGER PRINT'S

The government conceded that Robinson's fingerprints were not found on any of the evidence they planned to use against Him. Markham should have stipulated with the government that there was no finger print evidence, and filed motion's in Limine to exclude non probative prejudicial testimony of experts. As experienced legal counsel, Markham should be well aware of government tactic's in using experts and scientific evidence that is completely irrelevant to the case, as was done in this matter.

## b) PRIOR CONVICTIONS

Robinson has already established, in this motion, that prior criminal conduct is not a violation of any laws of the United States, but even according to the historical legal practice of the court, Markham should not have stipulated with the government to Robinson's prior conviction's. The government should have been put through the test of proving that Robinson actually committed the alleged prior conviction's. Robinson told Markham that at least two of His priors were obtained unlawfully, so by stipulating to these priors, he totally went against Him. Stipulating to Robinson's priors was a failure to investigate all of the evidence against Him, because once His prior's had to be proven to the jury, beyond a reasonable doubt, they became evidence and not merely a sentencing factor.
Markham was ineffective for stipulating to Robinson's prior conviction's.

## H) MISREPRESENTATION OF JAIL TIME AND PRIORS

Markham failed to explain to Robinson how the Guidelines would affect His sentence, and totally misrepresented the amount of time He was facing. He told Robinson that He would not receive a sentence much higher than the mandatory five year sentence He was facing if He lost trial. He based this advice on the fact that Robinson's co-defendants were facing such short sentences. [st.19-20]. Robinson had no legal standing to receive a sentence even remotely close to what Markham advised Him He would get, based on the court's historic legal practice. In fact, as proof of this, Robinson received a sentence of nearly double the amount of time Markham told Him He would receive. Markham's wrong advice was a result of ignorance to the law,and how the Guidelines applied to Robinson's sentence. Based on Robinson's guideline calculation, for the firearms and drug's, along with the mandatory, consecutive five year 924(c)(1) sentence, Markham's calculation of His sentence to Robinson was impossible.

15

Markham was also ignorant to how Robinson's prior conviction's would affect His sentence based on the court's historical legal practice. He told Robinson that they would be able to challenge the nature of of His prior conviction for "resisting arrest" during His sentencing hearing. [st.6-8,18-20,24]. This information from Markham to Robinson was wrong, and a result of Markham's ignorance to the law and how the Guideline's applied to Robinson.

Attorney Markham's wrong advice, along with all of the other errors stated, fits Robinson's ineffective assistance of counsel claim like aglove.

## CONCLUSION

Although the evidence presented at Robinson's trial was sufficient to obtain a guilty verdict, the evidence was not overwhelming. [Ap.Br.18]. Attorney Markham was clearly ineffective,  and numerous errors occurred through out the entire judicial process. If the court does not see a judgment of acquittal as the proper remedy, it is most definitely proper to remand for a new trial, based on the numerous unfair prejudicial and constitutional errors that occurred through out the legal process in Robinson's case. Please allow an evidentiary hearing to be held as it is extremely necessary for Robinson to be able to present oral arguments on all of His claims if they are chalenged.

## CERTIFICATE OF SERVICE

1, Tavon Robinson, do hereby certify that an original copy of this 28 USC§2255 motion was sent through the United States Penitentiary 2, P.O. Box 1034, Coleman,FL 33521 mail box, to the following on this date: 6·9·08

United States District Court
Office of the clerk
John J. Moakley Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

AFFIDAVIT OF TAVON ROBINSON IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO
TITLE 28 USC§2255

Now comes Tavon Robinson, Defendant in the above entitled matter, and says as follows
under the pains and penalties of perjury:

1) Everything that I stated in my 2255 motion is true and correct to the best of my
   knowledge.
2) I am actually innocent of both firearm charges that I was found guilty of, as well
   as obstruction of justice.
3) Attorney Roger Cox (Appointed and dismissed before I was appointed Attorney Paul
   Markham) advised Me to plea to the drugs and firearms, and said that the government
   was willing to drop the 924(C) if I did. Had Markham correctly informed Me of the
   amount of time I was facing, and that My prior convictions would be made known to
   the jury, during trial, I would have sought a plea agreement instead of going to
   trial. Markham told Me, on numerous occasions, that I would only receive a "little
   over five years" if I lost at trial.
4) When new evidence was discovered, in the middle of My trial, I asked Markham to get
   a continuance in order to properly investigate the evidence.
5) I constantly asked Markham to vacate My priors for "Resisting Arrest" and "Possess-
   ion of Ammunition" because both charges were obtained unconstitutionally.
6) Markham told Me that I could argue, at My sentencing hearing, whether or not My
   prior conviction for "Resisting Arrest" was a crime of violence, and whether or not
   My prior conviction for "Possession of Ammunition" was valid.
7) I asked Markham to file for a downward departure.
8) I have numerous letters, to and from Markham, to prove My claims.

Respectfully Submitted,

Tavon Robinson

6·9·08