COMMONWEALTH OF MASSACHUSETTS

Suffolk,ss.                                                Superior Court
                                                           No.01-10671-005

Commonwealth of Massachusetts

v

Tavon Robinson(Defendant)

MOTION FOR A NEW TRIAL

Defendant, Tavon Robinson, pro se, moves this court pursuant to Mass.R.Crim.P.30(b), the fourteenth Amendment to the United States Constitution, & Article XII of the Massachusetts Declaration of Rights, that the court order a new trial on the grounds that the defendant received Ineffective Assistance of Counsel, and was wrongfully convicted of this offense.

In support of this motion, the defendant submits his affidavit. The defendants motion is based on his claim that he was wrongfully convicted of this offense and that his lawyer failed to file an appeal on his behalf.

As grounds for this motion, defendant asserts the following:

1) On May 15,2003, defendant was convicted of Resisting Arrest, after a trial by jury; Judge Brady presiding. Defendant was represented by Attorney John Tardiff, who was court appointed. On May 29,2003, defendant was sentenced to 1 year on the offense.

2) The evidence at trial disclosed that on the evening of March 29,2001, defendant fled from police officers while they conducted an inquiry of him. Numerous officers testified that the defendant fled from officers, but none of them ever testified that they intended to arrest the defendant, nor did they inform the defendant that they intended to arrest him.

3) The defendant testified on his own behalf that on the evening in question, he ran away from a chaotic situation, not officers. He never intended to resist a lawful arrest, nor did he believe he would be arrested.

4) The evidence presented at trial does not support the guilty verdict.

5) Attorney John Tardiff was ineffective at the appeal stage of the legal process.

6) The grounds for this motion are set forth more fully in the accompanying exhibits and arguments, together with defendants affidavit.

### AFFIDAVIT OF DEFENDANT IN SUPPORT OF
### MOTION FOR A NEW TRIAL

Now comes Tavon Robinson, Defendant in the above entitled matter, and says as follows under the pains and penalties of perjury:

1) I make this Affidavit in support of my motion for a new trial.

2) On May 15, 2003, I had a jury trial; Judge Brady presiding, on the above entitled case.

3) I was represented by Attorney John G. Tardiff, who was appointed by the court.

4) On May 15, 2003, I was acquitted of indictment numbers 003 and 004, charging possession of a firearm and possession of ammunition. I was found guilty of indictment numbers 001 and 005, charging possession of controlled substance and resisting arrest.

5) I was never told by any officers that I was under arrest, or would be placed under arrest during their inquiry of me. I did not resist any lawful arrest. I did not use any physical force against officers, nor did I create any substantial risk for them to be harmed.

6) I told Attorney Tardiff that I wanted to appeal my conviction for resisting arrest. He advised me not to worry about it, because I was acquitted of the more serious charges, and I would get "time served" for the resisting arrest conviction. He also told me that he had to focus on winning my next trial which he was appointed to represent me on.

7) I accepted Mr. Tardiff's legal advice, because I thought him to be competent legal counsel.

2

## STATEMENT OF CASE

Defendant, Tavon Robinson, along with three co-defendants(Judah Johnson, Ricky Newton and Curtis Jackson), was arrested on March 29,2001. Mr. Robinson was charged with controlled substance violations, weapon possession, receiving stolen property, and resisting arrest[See Attatchment #1(A-1)]. On October 1,2001, Mr. Robinson was indicted on all charges[A-1]. On May 13-15,2003, a jury trial was conducted. The jury acquitted Mr. Robinson of the weapon possession charges, but found him guilty of the controlled substance violation and resisting arrest. On May 29,2003, Mr. Robinson was sentenced to 6 months in Suffolk County House of Corrections on indictment number 001, charging possession of class D controlled substance, from and after 1 year on indictment number 005, charging resisting arrest.

## STATEMENT OF FACTS

On March 29,2001, Officers Greg Brown and Craig Jones, along with Trooper Outerbridge, pulled over a white Grand Marquis with New York license plates, on suspicion that narcotics may be in the vehicle. The vehicle contained four occupants; Mr. Robinson was the driver. At some point during the stop, Mr. Robinson fled, on foot, from officers while they conducted their inquiry of him.

Officer Brown testified that:

1) Mr. Robinson got out of the car, was escorted from Officer Jones to Trooper Outerbridge, and ran away from officers[See Attachment 2(A-2)] [A-2; 2-1,2-2].

2) Mr. Robinson ran across a very busy street, and he was amazed that none of them were struck by a motor vehicle. The speed limit on Blue Hill Avenue is never obeyed.[A-2; 2-3].

3) When he caught up to Mr. Robinson, Mr. Robinson was detained (handcuffed).[A-2; 2-4].

4) After receiving a radio transmission from Officer Jones (confirming that a firearm was recovered from under the drivers seat of the vehicle Mr. Robinson was operating) he, then, advised Mr. Robinson that he was under arrest.[A2; 2-5].

5) After being placed under arrest Mr. Robinson was escorted to a cruiser.[A2; 2-5].

6) After the prisoner that had the gun on him (Judah Johnson) was secure, officers placed their drawn guns back into their holsters. At that point(officers) were going to remove the remaining three occupants from the motor vehicle. Mr. Robinson was the next person being asked to step from the car.[A2;2-6].

7) Mr. Robinson produced his drivers license.[A2; 2-7]

8) Mr. Robinson ran, was chased and was apprehended.[A2; 2-7]

Officer Jones testified that:

1) After he moved Mr. Robinson from the vehicle, he handed him back to trooper Outerbridge. ...at that point, Mr. Robinson broke away from Trooper Outerbridge and ran down Creston street, across Blue Hill avenue and onto Otisfield street. He did not give chase.[A2; 2-8,2-9].

2) After Mr. Robinson was arrested, officers began to remove occupants from the rear seats of the vehicle, and pat frisks were conducted.[A2; 2-10,2-11].

3) After (Judah Johnson) and Mr. Robinsons arrest, there were still two occupants in the rear seat. His first inclination was to make sure that the firearm under the drivers seat was real.[A2; 2-12]. Mr. Robinson was in the process of getting out of the vehicle when Officer Brown gave the alert for gun.[A2; 2-13,2-14].

Officer Millane testified that:

1) Officers seemed like they were struggling with Mr. Robinson.[A2; 2-15].

2) Rear seat passengers were removed for pat frisks after (Judah Johnson) and Mr. Robinsons arrest.[A2; 2-16].

Officer England testified:

1) Officer Greg Brown and other officers were placing somebody (Mr. Robinson) in custody on Otisfield street when he arrived.[A2; 2-7].

Attorney Tardiff argued at side bars and closing that the government had not met their burden of proof in regards to the charge of resisting arrest.[A2; 2-28,2-20, 2-26,2-27,2-28,2-29].

Mr. Robinson testified that due to the chaos surrounding the motor vehicle he was operating, he ran away from the immidiate danger, and stopped when he felt safe.[A2; 2-21,2-22,2-23,2-24,2-25].

## ARGUMENT

32B. Resisting arrest

(a) A person commits the crime of resisting arrest if he knowingly prevents or attempts to prevent a police officer, acting under color of his official authority, from effecting an arrest of the actor or another, by:

1) Using or threatening to use physical force or violence against the police officer or another; or

2) Using any other means which creates a substantial risk of causing bodily injury to such police officer or another.

(b) It shall not be a defense to a prosecution under this section that the police officer was attempting to make an arrest which was unlawful, if he was acting under the color of his official authority, and in attempting to make the arrest he was not resorting to unreasonable or excessive force giving rise to the right of self-defense. A police officer acts under the color of his official authority when, in the regular course of assigned duties, he is called upon to make, and does make, a judgement in good faith based upon surrounding facts and circumstances that an arrest should be made by him.

(c) the term "police officers" as used in this section shall mean a police officer in uniform or, if out of uniform, one who has identified himself by exhibiting his credentials as such police officer while attempting such arrest.

(d) Whoever violates this section shall be punished by imprisonment in a jail or house of correction for not more than two and one-half years or a fine of not more than five hundred dollars, or both.

Numerous police officers testified at the trial of defendant, Tavon Robinson, but none of their testimony supports the charge of resisting arrest. (Conviction for resisting arrest requires proof that defendant know both that he was preventing an arrest and that person he was resisting were police officers acting under color of their official authority). Commonwealth v. Lawson (1999) 708 N.E.2d 148, 46 Mass. App. Ct. 627. (The resisting arrest statute applies to arrests and not to patfrisks). Commonwealth v. Lender (2006) 847, N.E.2d 350, 66 Mass. App. Ct. 303. It is clear through police officers testimony that officers intended to conduct patfrisks of the occupants in the motor vehicle, not arrests.[A2; 2-6,2-10,2-11,2-16,2-12]. Even after (Judah Johnson) was arrested for a firearm, and defendant (Tavon Robinson) was in custody for another firearm, officers still did not inform the two rear seat passengers that they were under arrest. Only after they (Officers) conducted their patfrisks and discovered contraband were the other two occupants arrested. (In assesing the sufficiency of the evidence to support a charge of resisting arrest, the relevant inquiry is not whether the stop, frisk, and arrest would withstand a motion to suppress evidence; rather; the proper focus whether, at the time of the interaction, the police officer, acting under the color of his authority, arrested the defendant, and whether the defendant resisted that arrest with force or violence or a means creating substantial risk of causing bodily injury to the officer). Com. v. Lender (2006) 847 N.E.2d 350, 66 Mass.App.Ct. 303. Defendant was never informed by any officer that he was under arrest, or would potentially be placed under arrest during the police stop and inquiry. When defendant was finally handcuffed and told that he was under arrest-according to police officer testimony-he did not resist in any way.[A2; 2-4]. (Resisting arrest statute can not apply when police attempt to seize person only for purpose of threshold inquiry, as distinct from making arrest).

Commonwealth v. Smith, 55 Mass.App.Ct. 569, 574-575, 772 N.E.2d 1084 (2002). Commonwealth v. Pagan, 63 Mass.App.Ct. 784, 829 N.E.2d 1171.(Here, the Commonwealth's evidence considered in its best light, see Commonwealth v. Latimore, 378 Mass. 671, 677-678, 393 N.E.2d 370 (1979), failed to establish that Charbonnier was in the process of restraining the defendant in order to conduct a protective patfrisk. Therefore it was error to deny the motion for a required finding of not guilty on the resisting arrest charge). (Defendants attempted flight from police officer who had ordered him to stop, and subsequent struggle after officer knocked him to the ground, did not constitute resisting arrest; resisting arrest statute did not apply because officers were attempting to detain defendant only for the purpose of making a threshold inquiry, rather than making an arrest). Commonwealth v. Smith 55 Mass.App. Ct. 569, 772, N.E.2d 1084. Defendant in this case claims that his motion for a required finding of not guilty on the charge of resisting arrest should not have been denied. ("fleeing from a request for a Terry type stop, while not behavior we condone in any way, does not constitute the crime of resisting arrest); Smith v. State, 739 S.W.2d 848,851 (Tex.Crim.App. 1987) (en banc) (same). Officers England and Millane testified that, when they arrived on the scene their purpose was to render assistance to officers, not that they had any purpose independent of rendering assistance to other officers. No officer corroborated officer Browns testimony that Bluehill Avenue was very busy and dangerous at the time of defendants flight, nor that the speed limit on Blue Hill Avenue is never obeyed. Defendant was never under arrest until officer Brown informed him that he was under arrest, on Otisfield street, after defendant was handcuffed, and officer jones informed officer Brown of a second firearm in the vehicle defendant was operating. There was not sufficient evidence presented at trial to support a conviction of resisting arrest.

## INEFFECTIVE ASSISTANCE OF COUNSEL

The sixth amendment to the constitution clearly provides a right to have the assistance of counsel, at all stages of the legal process, in all criminal prosecutions. The evaluation for determining whether an individual fell victim to ineffective assistance of counsel was fully addressed in Strickland v. Washington, 466 U.S. 688, 105 S.Ct. 2052, 80 L.Ed 2d 674 (1974), where the court held that a defendant asserting an ineffective assistance of counsel claim, must meet the following two prong test:

1) The defendant must show that counsels performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the sixth amendment.

2) The defendant must then show how the deficient performance prejudiced the defense This requires a showing that counsel made errors so serious as to deprive the defendant of a fair legal process.

According to Strickland, a defendant making a claim of ineffective assistance of counsel must identify the acts or omission of counsel that were not the result of reasonable, professional judgement. Strickland, Supra, 466 U.S. at 695. In the present case, the petitioner was denied the right to effective assistance of counsel at the appeal stage of the legal process. It is without question that the right to effecitive assistance of counsel includes trial, sentencing and direct appeal. see Strikland, Supra.

The defendant was denied his right to appeal his conviction and sentence by direct appeal. Following sentencing in the present case, the defendant instructed his defense counsel to file a notice of appeal.

Defense counsel argued, extensively, during sidebars and through closing arguments that the government had not met their burden of proof on the charge of resisting arrest.

By failing to file a direct appeal for the defendant, defense counsel failed as competent, effective legal counsel. The records reflect defense counsels legal opinion that the government never met their burden of proof on the charge of resisting arrest. Defense counsels performance fell below the sixth amendments guarantee to assistance of counsel during the appeal stage of the legal process.

## CONCLUSION

Based on the reasons stated above, the defendant (Tavon Robinson) requests that this court vacate his conviction, in the interest of justice, and grant a new trial.

Respectfully submitted,

Tavon Robinson
#25182-038
USP-2
P.O. Box 1034
Coleman, FL 33521

September 18, 2007

## CERTIFICATE OF SERVICE

I, Tavon Robinson, hereby certify that a true copy of the above document was served by delivery upon the clerk of the court and Honorable Judge Patrick Brady, on this 18th day of September 2007.

Respectfully submitted,

Tavon Robinson
#25182-038
USP-2
P.O. Box 1034
Coleman, FL 33521

MASXP-20061221  
Commonwealth of Massachusetts  
SUFFOLK SUPERIOR COURT  
Case Summary  
Criminal Docket  
02/22/2007  
12:30 PM

## SUCR2001-10671
## Commonwealth v Robinson, Tavon

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 07/26/2001 | **Status** | Disposed (sentenced) (dsenimp) | | |
| **Status Date** | 05/29/2003 | **Session** | 4 - Criminal 4 Ctrm 815 | | |
| **Jury Trial** | Unknown | **Origin** | I - Indictment | | |
| **Lead Case** | SUCR2001-10666 | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Arraignment** | 10/01/2001 | **Track** | I - Inventory | **Final PTC** | 12/30/2001 |
| **Disp. Deadline** | 10/01/2002 | **Deadline Status** | Active since return date | **Status Date** | 10/01/2001 |
| **Pro Se Deft** | No | **Custody Status** | Suffolk House of Correction (South Bay) | **Start Date** | 05/29/2003 |
| **Weapon** | | **Substance** | Class D | **Prior Record** | Unknown |

### OFFENSES

| Num | Offense | Code | Town | Status | Status Date |
|---|---|---|---|---|---|
| 1 | 03/29/2001 | 094C:032C:a | | Guilty verdict | 05/15/2003 |
| | Class D substnc, distrib/manufac | | | | |
| 2 | 03/29/2001 | 266:060 | | Dismissed | 05/13/2003 |
| | Stolen goods, buy/receive/conceal | | | | |
| 3 | 03/29/2001 | 269:010:a | | Not guilty verdict | 05/15/2003 |
| | Dang weapon, possess gun, no license, on person/in MV | | | | |
| 4 | 03/24/2001 | 269:010:h.1 | | Not guilty verdict | 05/15/2003 |
| | Dang weapon, possess/transfr gun/ammo, no ID card | | | | |
| 5 | 03/29/2001 | 268:032:B | | Guilty verdict | 05/15/2003 |
| | Resisting a police officer making a lawful arrest | | | | |

### PARTIES

**Plaintiff**  
Commonwealth  
Gender: Unknown  
Active 07/26/2001

**District Atty's Office 635730**  
Masai-Maliek King  
Suffolk County District Atty's Office  
1 Bulfinch Place  
3rd floor  
Boston, MA 02114-2997  
Phone: 617-619-4000  
Fax: 617-619-4210  
Active 07/26/2001

**Defendant**  
Tavon Robinson  
361 Somerville Avenue  
Somerville, MA 02143  
DOB: 02/24/1979  
Gender: Male  
Active 07/26/2001

**Private Counsel 492240**  
John Tardif  
21 Pauline Street  
Winthrop, MA 02152  
Phone: 617-846-7550  
Active 10/01/2001

case01 209416 y y y y y y

A-1

Page 1 of 5

MASXP-20061221    02/22/2007
Commonwealth of Massachusetts    12:30 PM
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

## SUCR2001-10671
### Commonwealth v Robinson, Tavon

Private Counsel 554604
Alba Baccari
316 Central Street
Saugus, MA 01906
Phone: 781-233-0909
Fax: 781-233-1337
Active 02/21/2006 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 07/26/2001 | 1.0 | Indictment returned |
| 07/26/2001 | 2.0 | Motion by Commonwealth for arrest warrant to issue; filed & allowed (Spurlock, RAJ) |
| 07/26/2001 | | Warrant on indictment issued |
| 07/26/2001 | | Warrant was entered onto the Warrant Management System July 26, 2001 |
| 10/01/2001 | | Brought into court on special mittimus from Roxbury District Court. Warrant recalled. Appointment of Counsel John G Tardif (Notified 10/02/2001) |
| 10/01/2001 | | Deft arraigned before Court |
| 10/01/2001 | | Deft waives reading of indictment |
| 10/01/2001 | | RE Offense 1:Plea of not guilty |
| 10/01/2001 | | RE Offense 2:Plea of not guilty |
| 10/01/2001 | | RE Offense 3:Plea of not guilty |
| 10/01/2001 | | RE Offense 4:Plea of not guilty |
| 10/01/2001 | | RE Offense 5:Plea of not guilty |
| 10/01/2001 | | Bail set: $250,000.00 Surety or $25,000.00 cash without prejudice. Bail warning read. Mittimus issued. |
| 10/01/2001 | | Deft notified of right to request drug exam. Wilson, AC/M - M. King, ADA - C. Smith, Court Reporter - J. Tardif, Attorney. |
| 10/01/2001 | | Warrant canceled on the Warrant Management System October 01, 2001 |
| 12/06/2001 | | Brought into court.Oral Motion for for reduction of bail denied. Ball, J - J. Powers, ADA - K. Rael, Court Reporter - J. Tardif, Attorney. |
| 01/23/2002 | 3.0 | Defendant not in court. Deft files motion to suppress and memorandum. |
| 01/23/2002 | 4.0 | Deft files motion for funds to retain an investigator. |
| 01/23/2002 | | Motion (P#4) allowed as endorsed. (Lauriat, J.) |
| 01/23/2002 | | Continued until March 25, 2002 for Motion to Suppress. Lauriat, J - M. King, ADA - K. Considine, Court Reporter - J. Tardif, Attorney (Case assigned to 6th session, Room 11) |
| 07/16/2002 | | Defendant brought into Court. |
| 07/16/2002 | | Motion by Deft: affidavit of Tavon Robinson in support of motion to suppress evidence. |
| 07/16/2002 | | Motion (P#3) motion to suppress after hearing, denied. ref: record King, J. - M. King, ADA - M. Wrighton, Court Reporter - J. Tardif, Attorney. |
| 07/24/2002 | 5.0 | Deft files notice of appeal |

case01 209416 y y y y y y    Page 2 of 5

Case 1:04-cr-10168-PBS   Document 222-2   Filed 06/12/2008   Page 12 of 14

MASXP-20061221                                                                          02/22/2007
Commonwealth of Massachusetts                                                           12:30 PM
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

## SUCR2001-10671
## Commonwealth v Robinson, Tavon

| Date | Paper | Text |
|---|---|---|
| 07/25/2002 | 6.0 | Deft files motion to stay proceedings and trial. |
| 07/30/2002 | | Defendant not in court. Continued until October 28, 2002 by agreement for trial. Case assigned to 5th Criminal Session, courtroom 12. - G.Wilson, Mag. - C. Bartolini for M.King, ADA - E.R.D. |
| 09/04/2002 | 7.0 | Defendant not in Court. Deft files motion for approval of funds to retain a Stenographer to transcribe a transcript for Interlocutory Appeal. |
| 09/04/2002 | | Motion (P#8) allowed as to Judge Hinkle Finding Only. Wilson, AC/M - ERD - J. Tardif, Attorney |
| 10/03/2002 | 8.0 | FINDINGS of FACT RULINGS of LAW: Rulings of Law, and Order on Defendant's Motion to Suppress Evidence. ( King, J.) Copies sent to ADA and Atty. 10/9/02. |
| 11/04/2002 | 9.0 | General correspondence received from SJC 2002-0442 Order denying defendant's application for Interlocutory Appeal. |
| 12/05/2002 | 10.0 | Comes into court. Deft files motion for approval of funds to retain an investigator. |
| 12/05/2002 | | Motion (P#10) allowed as endorsed. case assigned to 2nd Criminal Session, courtroom 8 for trial week of 3/3/03. Wilson, AC/M - M. King, ADA - ERD - J. Tardiff, Attorney. |
| 04/23/2003 | 10.1 | Notice received from Dorchester District Court bail revoked on 02/27/03. |
| 05/13/2003 | | Defendant came into court. |
| 05/13/2003 | 11.0 | Deft files Motion in limine |
| 05/13/2003 | 12.0 | Deft files Motion in limine to exclude evidence of Defendant's prior convictions |
| 05/13/2003 | 13.0 | Deft files Motion in limine (mugshots) |
| 05/13/2003 | 14.0 | Deft files Motion to sequester witnesses |
| 05/13/2003 | 15.0 | Request for Jury Instructions filed by defendant |
| 05/13/2003 | 16.0 | Supplementary Request for Jury Instructions |
| 05/13/2003 | 17.0 | Deft files Request for voir dire |
| 05/13/2003 | 18.0 | Commonwealth files Proposed Voir Dire |
| 05/13/2003 | | Motion (P#18) allowed in part, denied in part. (Patrick F. Brady). |
| 05/13/2003 | | Motion (P#17) allowed in part, denied in part. (Patrick F. Brady). |
| 05/13/2003 | | Commonwealth's oral motion to dismiss so much of #001 as charges "with intent to distribute" and 002, allowed. |
| 05/13/2003 | | RE so much of Offense 1 as charges "with intent to distribute and Offense 2 :Dismissed, defendant assenting thereto. |
| 05/13/2003 | | Motion (P#12) allowed (Patrick F. Brady). |
| 05/13/2003 | | Motion (P#11) allowed (Patrick F. Brady). |
| 05/13/2003 | | Motion (P#14) allowed (Patrick F. Brady). - Commonwealth moves for trial of 001 "Possession of Class D" and 003-005. Court orders jury of 14 members impanelled. Trial commences with 14 jurors before Brady, J. - N. McCann, Court Reporter |
| 05/14/2003 | | Defendant came into court. Trial continues with 14 jurors before Brady, J. |
| 05/14/2003 | 19.0 | Deft files Motion for required finding of not guilty(as to |

MASXP-20061221    Case 1:04-cr-10168-PBS   Document 222-2   Filed 06/12/2008   Page 13 of 14   02/22/2007
Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket
12:30 PM

## SUCR2001-10671
## Commonwealth v Robinson, Tavon

| Date | Paper | Text |
|---|---|---|
| | 19.0 | 001,003-005) at the conclusion of the Commonwealth's case in chief |
| 05/14/2003 | | Motion (P#19) denied (Patrick F. Brady). - Trial continues with 14 jurors before Brady, J. - Paper #19 renewed at the conclusion of all the evidence and denied. N. McCann, Court Reporter |
| 05/15/2003 | | Defendant came into court. Trial continues with 14 jurors before Brady, J. |
| 05/15/2003 | | Motion (P#15 and 16, after hearing, allowed in part, denied in part. (Patrick F. Brady). At the conclusion of the Court's instructions to the jury the names of jurors # 16-3 Jessica Emerling and 17-8 Ulices Vargas are drawn and designated as alternate jurors |
| 05/15/2003 | | RE Offense 1:Guilty verdict 'Possession of Class D controlled substance" |
| 05/15/2003 | 20.0 | Verdict affirmed, verdict slip filed |
| 05/15/2003 | | RE Offense 3:Not guilty verdict |
| 05/15/2003 | 21.0 | Verdict affirmed, verdict slip filed |
| 05/15/2003 | | RE Offense 4:Not guilty verdict |
| 05/15/2003 | 22.0 | Verdict affirmed, verdict slip filed |
| 05/15/2003 | | RE Offense 5:Guilty verdict |
| 05/16/2003 | 23.0 | Verdict affirmed, verdict slip filed. |
| 05/16/2003 | | Deft discharged as to 003 and 004. Same order of bail as 001 and 005. Brady, J. - M. King, ADA - N. McCann, Court Reporter - J. Tardif, Atty. |
| 05/29/2003 | | Defendant came into court. |
| 05/29/2003 | | Defendant sentenced as to 005 - 1 year Suffolk County House of Correction. |
| 05/29/2003 | | Sentence credit given as per 279:33A: 365 days - Court deems defendant to have served said sentence. |
| 05/29/2003 | | Defendant sentenced as to 001 - 6 Months Suffolk County House of Corrections (from and after #005 which is deemed served by Court). Mitt. issued. |
| 05/29/2003 | | Sentence credit given as per 279:33A: 70 days |
| 05/29/2003 | | Victim-witness fee assessed: $90.00 |
| 05/29/2003 | | Notified of right of appeal under Rule 65 -Brady, J. - M. King, ADA - N. McCann, Court Reporter - J. Tardif, Atty. |
| 02/04/2004 | | Court orders drug confiscated and destroyed. Brady, J. |
| 02/20/2004 | | Evidence delivered to the BPD evidence officer. |
| 01/09/2006 | 24.0 | Deft files Motion for free transcript. (Brady, J. notified 1/19/06). |
| 01/23/2006 | | Motion (P#24) allowed (Patrick F Brady, Justice) (A. Baccari, Attorney notified with copy of endorsement) |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 10/01/2001 | Magistrate Ctrm 705 | Arraignment | Event held as scheduled |
| 10/24/2001 | Magistrate Ctrm 705 | Conference: Pre-Trial Continuance by agreement | Event held as scheduled |
| 11/29/2001 | Magistrate Ctrm 705 | Hearing: Non-eviden-Discovery Continuance by agreement. Motions to be filed by 11/23/2001. | Event held as scheduled |

MASXP-20061221　　　　　　　　　　　　　Commonwealth of Massachusetts　　　　　　　　　　　　　02/22/2007
Case 1:04-cr-10168-PBS   Document 222-2   Filed 06/12/2008   Page 14 of 14
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket
12:30 PM

## SUCR2001-10671
## Commonwealth v Robinson, Tavon

| Date | Session | Event | Result |
|---|---|---|---|
| 12/06/2001 | Criminal 1 Ctrm 704 | Bail: Review | Event held as scheduled |
| | | by agreement - also on re: filing of evidentary motions and trial assignment | |
| 01/23/2002 | Criminal 1 Ctrm 704 | Hearing: Evidentiary-affidavit | Event held as scheduled |
| | | continuance by agreement | |
| 03/25/2002 | Criminal 6 Ctrm 906 | Hearing: Evidentiary-suppression | Event not reached by Court |
| | | Notice sent | |
| 04/29/2002 | Criminal 6 Ctrm 906 | Hearing: Evidentiary-suppression | Event not held—joint request |
| 05/14/2002 | Criminal 6 Ctrm 906 | Hearing: Misc Matters | Event held as scheduled |
| | | to set date for motion to suppress | |
| 06/06/2002 | Criminal 6 Ctrm 906 | Hearing: Evidentiary-suppression | Event not reached by Court |
| | | 3-4 hours . Session unavailable in June | |
| 07/16/2002 | Criminal 6 Ctrm 906 | Hearing: Evidentiary-suppression | Event held as scheduled |
| | | Notice sent. Continued by agreement | |
| 07/30/2002 | Criminal 1 Ctrm 704 | Hearing: Misc Matters | Event moved to another session |
| | | Trial assignment | |
| 07/30/2002 | Magistrate Ctrm 705 | Conference: Trial Assignment | Event held as scheduled |
| 10/28/2002 | Criminal 5 Ctrm 817 | TRIAL: by jury | Event canceled not re-scheduled |
| 10/28/2002 | Magistrate Ctrm 705 | Status: Administrative Review | Event held as scheduled |
| 12/05/2002 | Magistrate Ctrm 705 | Conference: Status Review | Event held as scheduled |
| | | Continuance by agreement re: SJC findings | |
| 03/03/2003 | Criminal 2 Ctrm 806 | TRIAL: by jury | Event not held--req of Defendant |
| | | Notice sent | |
| 03/07/2003 | Criminal 2 Ctrm 806 | Conference: Trial Assignment | Event held as scheduled |
| 04/25/2003 | Magistrate Ctrm 705 | Bail: Review | Event canceled not re-scheduled |
| 04/28/2003 | Magistrate Ctrm 705 | Bail: Review | Event canceled not re-scheduled |
| 05/05/2003 | Criminal 2 Ctrm 806 | TRIAL: by jury | Event not reached by Court |
| | | Continuance at request of defendant. Court excludes this period under MRCP 36. | |
| 05/13/2003 | Criminal 4 Ctrm 815 | TRIAL: by jury | Trial begins |
| 05/14/2003 | Criminal 4 Ctrm 815 | TRIAL: by jury | Event continues over multiple days |
| 05/15/2003 | Criminal 4 Ctrm 815 | TRIAL: by jury | Trial ends |
| 05/29/2003 | Criminal 4 Ctrm 815 | Hearing: Sentence Imposition | Event held as scheduled |
| | | by order of Court | |

### BAIL

| Bail Type | Cash |
|---|---|
| Bail Amount | $25,000.00 |
| Bail Status | Returned |
| Status Date | 05/30/2003 |