# Commonwealth of Massachusetts
## County of Suffolk
## The Superior Court

CRIMINAL DOCKET# SUCR2001-10671

RE:  **Commonwealth v Robinson, Tavon**

TO: Tavon Robinson #25182-038
USP-2
P.O. Box 1034
Coleman, FL 33521

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on 10/23/2007 is as follows:

Deft, pro se, files Motion for a New Trial, with attachments

**MOTION (P#28) endorsed as follows: "Denied. It is not ineffective assistance for counsel to advise against filing a frivolous appeal. The [Defendant] accepted counsel's advice. There was sufficient evidence to support [Defendant's convictions." (Patrick F. Brady, Justice). Copies mailed 10/24/2007**

Dated at Boston, Massachusetts this 24th day of October, 2007.

Maura A. Hennigan,
Clerk of the Courts

Location: Criminal 4 Ctrm 815 (Three Pemberton Square, Boston)

**Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130**

Commonwealth of Massachusetts

Superior Court

No. SUCR 2001-10671

Commonwealth of Massachusetts

V

Tavon Robinson (Defendant)

Motion to Appeal Denial of Rule 30(b) Motion

Defendant, Robinson, had his Mass. R. Crim. P. 30(b) motion denied by Suffolk Superior Judge, Brady, on October 24, 2007. His motion was denied unjustly. Robinsons claim was presented with great merit, supported by law. By no means would an appeal of Robinson's conviction for resisting arrest had been frivolous. The evidence presented in Robinson's original motion (included with this appeal) as well as his sentence transcripts, which were just recently recieved by him, is evidence that his attorney (John G. Tardif) did not agree with the jury's verdict of guilty on this matter.① Effective counsel would never advise against appealing a conviction which he does not even view as just. The evidence against Robinson was not sufficient to support his conviction. It is in the interest of justice to reverse Judge Brady's decision, & afford Robinson a new trial.

Robinsons appeal is not timely, due to a ninety day institutional lockdown between the dates of November 3, 2007 through February 1, 2008. Robinson alerted the court that his appeal would be filed late, & was advised to file his appeal, along with proof of indigency. Robinson has clearly been indigent since August 14, 1996 to the present, as he was represented by appointed counsel on all legal matters. Furthermore, Robinson did not recieve his sentence transcripts until January 23, 2008.

---

① Included with this motion is a letter, to & from Robinson to Attorney Tardif.

## Conclusion

Due to the facts stated above, assisted by defendants original motion & attatchments, Robinson requests that this honorable court grant his appeal of this matter & grant him a new trial.

## Certificate of Service

I, Tavon Robinson, hereby certify that a true copy of the above document was served by delivery upon the clerk of the court on this 7th day of February 2008.

Respectfully Submitted,

7-72

Tavon Robinson #25182-038

USP-2

P.O. Box 1034

Coleman, FL 33521