COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.                                      Superior Court
                                                  No. 96-11470-002

Commonwealth of Massachusetts

v

Tavon Robinson (Defendant)


MOTION TO WITHDRAW GUILTY PLEA AND FOR A NEW TRIAL

Defendant, Tavon Robinson, pro se, moves this court pursuant to Mass.R.Cim.P.30(b) the Fourteenth Amendment to the United States Constitution, and Article XII of the Massachusetts Declaration of Rights, to allow him to withdraw his guilty plea entered in the above docketed matter. In support of this Motion. defendant submits his Affidavit. The defendants Motion is based on his claim that his conviction for possession of ammunition stands unconstitutionally. As grounds for this motion, defendant asserts the following:

1) On July 28,1997, defendant was convicted of possession of ammunition and controlled substance violations pursuant to a plea agreement; Judge White presiding. Defendant was represented by Attorney Herman Hemenway.

2) Pursuant to the July 28,1997 plea agreement, indictment number 96-11470-001, charging possession of a firearm, was dismissed, without prejudice.

3) Defendant was sentenced to Five years of probation.

4) The ammunition charged in indictment number 96-11470-002 was located inside of the firearm charged in indictment number 96-11470-001.

5) On July 18,2001, defendant was re-indicted on the firearm that was dismissed (96-11470-001); new indictment number (01-10654).

6) On January 23,2002, defendant was sentenced to six months in the Suffolk County House of Corrections after a probation violation hearing.

7) On January 29, 2004, defendant was acquitted of the re-indicted firearm charged in indictment number 01-10654; formerly, indictment number 96-11470-001, after a jury trial; Judge Spurlock presiding.

8) Defendant was represented by Attorney John Tardiff, who was court appointed, at trial.

9) Attorney Tardiff did not move to have the ammunition charged in indictment number 96-11470-002, vacated after the defendant was acquitted of the firearm.

### AFFIDAVIT OF DEFENDANT IN SUPPORT OF MOTION TO WITHDRAW GUILTY PLEA AND FOR A NEW TRIAL

Now comes Tavon Robinson, Defendant in the above entitled case, and says as follows under the pains and penalties of perjury:

1) I make this Affidavit in support of my Motion to withdraw my guilty plea and for a new trial.

2) I plead guilty in Suffolk Superior Court, Judge White presiding, to the above docketed matter, on July 28, 1997. I received five years probation for the convictions, and the charge of possession of a firearm was dismissed, with the option to re-indict if I violated probation.

3) On March 29, 2001, I violated probation, with a new arrest, and in turn, I was re-indicted on the dismissed firearm on July 18, 2001. I was also sentenced to Six months in the Suffolk County House of Corrections for the above doketed case.

4) On January 29, 2004, I was acquitted of the re-indicted firearm after a jury trial, Judge Spurlock presiding.

5) The ammunition in the above docket, was located inside of the firearm I was acquitted of at trial.

2

6) I was represented by Attorney John G. Tardiff at trial, who was court appointed.

7) If given a new trial, I will prove my actual innocence of this offense.

8) I received Five years probation, Six months in the Suffolk County House of Corrections, and was enhanced in the United States District court, all for this one charge.

9) I do not have a lawyer to represent me, so I would like to reserve my right to amend this Motion when a lawyer is obtained.

### STATEMENT OF FACTS

Defendant, Tavon Robinson, was arrested on August 14, 1996 and charged with possession of a firearm, possession of ammunition, and controlled substance violations. On July 28, 1997, Mr. Robinson plead guilty to indictment numbers 002, charging possesion of ammunition; and 003,004, 005, charging possession of controlled substances. Indictment number 001 charging possession of a firearm was dismissed. Defendant was sentenced to Five years probation pursuant to a plea agreement with the government. see Attatchment numbers 1(A1), 2(A2), and 4(A4).

### ARGUMENT

The ammunition which the defendant plead guilty to in this indictment, was inside of the firearm he was later acquitted of.(A2)(A3)(A4). The government excercised its right to re-indict the dismissed firearm, and the defendant exercised his right to a jury trial.(A5)(A6)(A7). The conviction for possession of ammunition can no longer stand after the acquittal of the firearm. There is no meaningful, factual or legal reason to deny defendants motion. The conviction is so far against the evidence, that to allow the conviction to stand without a retrial would be a complete injustice.

Defendants plea agreement may, in fact, be one of a kind, so there is no known precedent in this jurisdiction for this matter. The defendant contends, and the records reflect, that the firearm and ammunition were a part of each other, therefore, in the

interest of justice, this conviction can not stand.

## CONCLUSION

For the above reasons, and as a matter of law, defendant requests to withdraw his guilty plea, and requests a new trial in the above criminal case.

Respectfully submitted,

Tavon Robinson
#25182-038
USP-2
P.O. Box 1034
Coleman, FL 33521

September 19, 2007

## CERTIFICATE OF SERVICE

I, Tavon Robinson, hereby certify that a true copy of the above document was served by delivery upon the clerk of the court, and upon the Honorable Judge White, on this 19th day of September 2007.

Respectfully submitted,

Tavon Robinson
#25182-038
USP-2
P.O. Box 1034
Coleman, FL 33521

4

Herman Hemenway
294 Washington Street
Suite 754
Boston, MA 02108

*— Plea agreement*

    Re:    Commonwealth v. Tavon Robinson
    No:    96-11470

Dear Attorney Hemenway:

This letter sets forth the agreement entered into between the Suffolk County District Attorney's Office ("the Commonwealth") and your client, Tavon Robinson ("Defendant"). The agreement is as follows:

**A.**    **Change of Plea**

On July 28, 1997, the defendant agrees to plead guilty to the offenses of Possession of Ammunition, Possession of Class B Controlled Substance, and 2 counts of Possession of Class D Controlled Substance resulting from an incident that occurred on August 14, 1996. The Commonwealth agrees to recommend a sentence of 3 years probation with conditions as stated below. In addition, the Commonwealth agrees to Dismiss without prejudice the indictment charging the Defendant with Possession of a Firearm.

**B.**    **Conditions**

    *1.*    *School*

The defendant agrees to attend Delaware State University beginning Fall semester, 1997 or seek other higher education to completion of degree.

The defendant agrees to maintain the minimum mandatory grade point average as determined by my school and if I fall below, I will notify my probation officer.

*filed 7/28/97*

The defendant agrees to perform ~~10~~ *aw* hours of community service a month throughout the term of probation.

The defendant agrees to avail himself of every opportunity to raise his average including but not limited to tutors and inter-semester classes.

The defendant agrees to notify the probation department about any changes with respect to the school he is attending.

The defendant agrees to forward a copy of each semester's grades to the probation department.

b. *Work or Internship*

The defendant agrees to work full time during the summer time unless attending summer school full time.

The defendant agrees to inform the probation department about any place of employment, the address, supervisor's name and telephone number and agrees that the probation officer may speak with his supervisor about attendance record on the job or internship.

c. *Counseling*

The defendant agrees to abide by any and all counseling recommended by probation throughout the five year term of probation.

d. *Drug and Alcohol Evaluation and Treatment*

The defendant agrees not to abuse alcohol or consume drugs (unless prescribed by a doctor) and will submit to random drug testing as recommended by the probation department.

The defendant agrees to attend counseling for alcohol and drug abuse as recommended by probation.

e. *Community Service*

The defendant agrees to perform ~~10~~ 5 [handwritten] hours of community service a month throughout the term of probation.

  *f.*  *Reporting*

    The defendant agrees to report to probation as often as determined by the probation department.

C. **Maximum Sentences**

  The maximum sentences for the indictments charged are as follows:

  Possession of a Firearm - MGL c. 269 s. 10(a)
  Imprisonment in the state prison for not less that two and one-half years nor more than five years, or for not less than one year nor more than two and one-half years in jail or house of correction.

  Possession of Ammunition - MGL c. 269 s. 10(h)
  Imprisonment in jail or house of correction for not more than one year

  Possession of Class B Controlled Substance - MGL c. 94C s. 34
  Imprisonment for not more than one year.

  Possession of Class D Controlled Substance - MGL c. 94C 34
  Imprisonment in a House of Correction for not more than six months.

D. **Breach of Agreement**

  Any new arrest may be deemed a breach of this agreement. Any breach of or non-compliance with this agreement or any other terms of probation, will be deemed to be a violation of probation and the Probation Department may file a notice of surrender and pursue that surrender including recommending the imposition of the maximum sentences. In addition, the Commonwealth may pursue indictment of the dismissed charge.

  If this letter accurately reflects the agreement entered into between the Suffolk County District Attorney's Office and Tavon Robinson, please sign the acknowledgment below.

Sincerely,
RALPH C. MARTIN, II
DISTRICT ATTORNEY

by: Shelley M. Richmond
Assistant Attorney General
Special Assistant District Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter of agreement in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the Suffolk County District Attorney's Office.

7/28/97

Tavon Robinson     date 7/28/97

I certify that this agreement letter has been read by Tavon Robinson and that he understands and agrees to its terms.

Herman Hemenway

A-2

# INCIDENT REPORT

ORIGINAL ☒   SUPPLEMENTARY ☐

| 01. KEY SITUATIONS | | | | | | |
|---|---|---|---|---|---|---|
| ☐ JUVENILE | ☒ DRUG | ☐ LICENSED PREMISES | ☐ ELDERLY | 02. COMPLAINT NO. 960406434 | 03. DIST B-2 | 04. GRID/BEAT 53 | PAGE One Two |

| 05. TYPE OF INCIDENT | 06. DATE REPORTED | 07. TIME REPORTED |
|---|---|---|
| Unlaw. Carrying F/A, Poss. cl. B+D | 8-14-96 | — |

| 08. LOCATION OF INCIDENT / STREET INTERSECTION / ALPHA / DEPT | APT | 09. DATE OCCUR | 10. TIME OCCUR |
|---|---|---|---|
| Intervale and Normandy St | C/5 | | 8:06 |

| 11. VICTIM-COMP - LAST FIRST MI | 12. NAME | 13. SEX | 14. RACE | 15. MARITAL STATUS |
|---|---|---|---|---|
| Comm. of Ma. | | | | ☐ MARRIED ☐ UNMARRIED |

| 16. ADDRESS NO. STREET CITY AND STATE IF OTHER THAN BOSTON, OF MASS | APT | OCCUPATION | 17. AGE | 18. DOB |
|---|---|---|---|---|
| | | | | |

| 19. PERSON REPORTING (IF DIFFERENT THAN ABOVE) | 20. ADDRESS | APT | 21. PHONE |
|---|---|---|---|
| P.O. A. Creed / Trp. B. Moore | 364 Warren St. | | 343-4444 |

22. WAS THERE A WITNESS TO THE CRIME

| PERSON INTERVIEWED | AGE | LOCATION OF INTERVIEW | APT NO | HOME ADDRESS | APT | TEL | |
|---|---|---|---|---|---|---|---|
| | | | | | | RES BUS | A ☐ YES ☒ NO |
| | | | | | | RES BUS | |
| | | | | | | RES BUS | B ☐ YES ☒ NO |

| 23. NUMBER OF PERPETRATORS | One | CAN SUSPECT BE IDENTIFIED AT THIS TIME | | |
|---|---|---|---|---|

| 24. ☒ ARREST ☐ WARRANT ☐ MISSING ☐ SUMMONS ☒ SUSPECT | 25. NAME (LAST, FIRST, MI) Robinson, Tavon | 26. S.S. NO. 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 | 27. BOOKING NO. | 28. PHOTO NO. | 29. ALIAS |
|---|---|---|---|---|---|

| 30. WARRANT NO. | 31. ADDRESS 2 Jarvis Pl. Roxbury | 32. SEX M | 33. RACE B/N | 34. AGE 17 | 35. HEIGHT 5'10 | 36. D.O.B. 2-24-79 |
|---|---|---|---|---|---|---|

| 37. SPECIAL CHARACTERISTICS (INCLUDING CLOTHING) Blk. T-Shirt, Blue Jeans | 38 WEIGHT 170 | 39. BUILD med | 40. HAIR Brn | 41. EYES Brn | C ☐ YES ☒ NO |
|---|---|---|---|---|---|

42. CAN SUSPECT VEHICLE BE DESCRIBED ☒ YES ☐ NO

| 43. ☐ STOLEN ☐ RECOV. ☐ I.V. SCENE ☐ ABAND ☐ IN CUST. ☐ TOWED ☐ USED IN CRIME ☐ OTHER | 44. REG. STATE NO. Ma. 209-EAL | 45. PLATE TYPE Pan | YEAR(EXP.) 98 | 46. MODEL Camry |
|---|---|---|---|---|

| 47. VEHICLE MAKE-YEAR Toyota 1990 | 48. VEHICLE NO. 4T1SV21E4LU231668 | 49. STYLE 4 dr. | 50. COLOR (TOP-BOTTOM) Grey |
|---|---|---|---|

| 51. OPERATOR'S NAME Kenyon Davis | 52. LICENSE NO. 032585254 | 53. OPERATOR'S ADDRESS 18 Westville St Dorchester |
|---|---|---|

| 54. OWNER'S NAME Wanda Davis | 55. OWNER'S ADDRESS Same as Operator |
|---|---|

CAN PROPERTY BE IDENTIFIED   D ☐ YES ☒ NO

| 57. TYPE OF PROPERTY | 58. SERIAL/IDENT./GUARD NO. | 59. BRAND NAME-DESCRIPTION | 60. MODEL | 61. VALUE | 62. UCR | 63. RECOV. |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

E ☒ YES ☐ NO

64. IS THERE A SIGNIFICANT M.O.

| 65. TYPE OF WEAPON-TOOL Firearm | 66. NEIGHBORHOOD Res | 67. TYPE OF BUILDING N/A | 68. PLACE OF ENTRY N/A |
|---|---|---|---|

SNI-GROVE HALL

| 69. WEATHER Clear/Warm | 70. LIGHTING Day | 71. TRANSPORTATION OF SUSPECT (CAR, FOOT, MBTA, ETC.) N/A | 72. VICTIM'S ACTIVITY N/A |
|---|---|---|---|

E ☒ YES ☐ NO

| 73. UNUSUAL ACTIONS AND STATEMENTS OF PERPETRATOR See Narrative | | RELATIONSHIP TO VICTIM N/A |
|---|---|---|

F ☒ YES ☐ NO

74. IS THERE ANY PHYSICAL EVIDENCE (DESCRIPTION AND DISPOSITION IN NARRATIVE)

75. IS THERE ANY OTHER REASON FOR FURTHER INVESTIGATION (REASON BELOW)   G ☒ YES ☐ NO

76. NARRATIVE AND ADDITIONAL INFORMATION

About 8:06 pm, P.O. Creed & Trp. Moore, the TK02, while on patrol in the area Blue Hill Ave & Geneva Ave, observed above m/v unsafely change lanes on Blue Hill Ave and turn onto Geneva Ave at a high rate of speed. Officers followed m/v onto Normandy St and activated cruiser's emergency systems. M/V was stopped at Normandy & Intervale St. Officer Creed approached the m/v and asked the driver for his license and registration. While P.O. Creed was talking to the driver, Trooper Moore approached the front seat passenger's window and observed a 9B torn open on the floor of the m/v. The P/B, and the area around the P/B contained what appeared to be marijuana seeds and stems. Trp. Moore told the front seat passen-

| 77. UNIT ASSIGNED TK02 | 78. TOUR OF DUTY 3 | 79. REPORTING OFFICER'S SIGNATURE | 80. REPORTING OFFICER'S ID 10178 | 81. PARTNER'S ID 1570 | F1 ☐ YES ☐ NO |
|---|---|---|---|---|---|

| DATE OF REPORT 8-14-96 | 83. SPECIAL UNITS NOTIFIED (REPORTING) | | | | TELETYPE NO |
|---|---|---|---|---|---|

| TIME COMPLETED 1135 | 85. SIGNATURE OF PATROL SUPERVISOR | 86. PAT SUP ID | 87. SIGNATURE DUTY SUPERVISOR | 88. DUTY SUP ID 658 |
|---|---|---|---|---|

ID Form 1 1 Revised 8/5

| 1. District | 2. Complaint No. | | **BOSTON POLICE DEPARTMENT** | Page | of |
|---|---|---|---|---|---|
| B2 | 040-16454 | | **CONTINUATION SHEET** | Two | Two |
| 3. Report Date | 4. Nature of Incident | Remarks: | | | |
| 9-1-04 | Poss. F/A | | | | |

just to exit the m/v. Front seat passenger then exited the m/v, and was escorted to the curb by P.O. Creed. At this time point, Tpr. Moore looked into the m/v and observed a firearm (later found to be a Davis Industries Model P.380, cal. 380 serial # AP378274) protruding from ~~the box~~ under the front passenger's (the suspect's) seat. At this point, officers called for assistance and were assisted by the Intervale overtime units, TK907 Sgt. Fitzgerald & TK18 Ryan/H.Cabera/Brown/Perkins, and B-2 units. Suspect was placed in the B105F MacDonald & Sullivan's cruiser and taken to Special Operation's Base to be debriefed. When being taken out of the cruiser, officers recovered 1-P/B of a cl. B substance crack cocaine from the back seat of the cruiser. While being pat-frisked by Sgt. Fitzgerald prior to the debriefing, Sgt. Fitzgerald recovered 1 P/B of crack cocaine from the left front pocket, and 1 P/B of cl. D marijuana from the suspect's right sock. One marijuana ~~ci~~ "blunt" was also recovered from the passenger's seat. The three other occupants of the m/v (Kenyon Davis 18 Westville St. B/m, 5-10/230, Driver; Vicent Fox, 5-31-77 5-8/177 56 Dudley St, B/m, Backseat left; Taj-Kamau Robinson 11-16-76, 2 Jarvis Pl. 5-8/170, B/m, Backseat right) were taken to Special Ops. base, FIO'ed and released. After being given the miranda warning during the debriefing, the suspect stated to P.O. Creed that he did not want to see his friends go down for something they didn't do. He then stated that the F/A was his. Suspect was then taken to B-3 for booking by the TK02. The F/A was turned over to Department Ballistician John Seay, the VD-11, at Spec.Ops. Base. Drugs were logged in Book # 40, p.# 5256. M/V was towed by Jon's towing, reciept # 002730 Four .380 cal. rounds were also forwarded to Ballistics with the firearm.

SNI-GROVE HALL

A-3

8

1   A   Yes, there was.  A bag of marijuana and one bag of
2       crack cocaine.
3   Q   And they were -- where were they taken to be
4       debriefed?
5   A   Our Special Operations based, 364 Warren Street in
6       Roxbury.
7   Q   And were all four individuals debriefed?
8   A   Yes, they were.
9   Q   And prior to them being debriefed were they read
10      their rights?
11  A   Yes, they were.
12  Q   Were they debriefed separately or together?
13  A   Separately.
14  Q   And at some point after Mr. Tavon Robinson was read
15      his rights, what if anything did he say to you or
16      other officers with respect to the firearm that was
17      found?
18  A   After I gave Tavon Robinson his Miranda Warning and
19      read it to him, he stated the firearm was his.  Not
20      an exact quote, but he didn't want his friends to go
21      down for something that he did.
22  Q   So he said words to that affect?
23  A   Correct.
24  Q   And did that firearm have any ammunition in it?

9

1  A   Yes, it did.
2  Q   And how many rounds of ammunition?
3  A   We had four live rounds in the weapon.
4  Q   Detective Creed, what happened to that firearm once
5      it was recovered from that gray Toyota?
6  A   It was turned over to the Ballistics Unit to be
7      tested.
8  Q   And, Detective Creed, I'm showing you a piece of
9      paper. If you could look at that piece of paper and
10     tell me if you recognize it?
11 A   Yes, I do.
12 Q   And what do you recognize that paper to be?
13 A   It's an analysis of a firearm.
14 Q   And that piece of paper has previously been marked as
15     Grand Jury Exhibit Number 1, and what, if anything,
16     does it say with respect to the firearm that was
17     analyzed?
18 A   It says it's a Davis Industries .380 pistol, serial
19     number AP378278 was tested, test fired on August 15th
20     of 1996 and does come under -- qualifies as a firearm
21     under Chapter 140, Section 121.
22 Q   And how do you know that that firearm that was tested
23     by the Ballistician's Office that you just read is
24     the same firearm that was recovered on August the

10

| | | |
|---|---|---|
| 1 | | 14th of 1996? |
| 2 | A | The serial number matches. |
| 3 | Q | And is there also a cc number on the BU report, the |
| 4 | | ballistics unit? |
| 5 | A | Yes, there is. There's a ballistics number and a cc |
| 6 | | number. |
| 7 | Q | And what is the ballistics number and what is the cc |
| 8 | | number? |
| 9 | A | The ballistics number is 960685, that's a number |
| 10 | | assigned by the Ballistics Unit for the case. And |
| 11 | | the cc number is 60406434. That's the incident |
| 12 | | report number. |
| 13 | Q | And that's the same as the report that you made |
| 14 | | reference to earlier that you used to refresh your |
| 15 | | recollection? |
| 16 | A | Correct. |
| 17 | Q | And you put that number on the gun when you sent it |
| 18 | | to the Ballistics Unit? |
| 19 | A | Yes, I did. |
| 20 | Q | The firearm was found under the seat that Tavon |
| 21 | | Robinson was sitting in? |
| 22 | A | Yes, it was. |
| 23 | | MR. KING: I have no further questions for |
| 24 | | Detective Creed. |

## BALLISTICIAN'S OFFICE

B.U. CASE# 960685                                CC#: 60-406434

I, George P. Foley, having testified and been qualified a ballistic expert in Suffolk Superior Court, assisted DET. THOMAS L. MATTHEWS, who examined the following evidence:

4, .380 loose rounds of ammunition.

Remarks:

Submitted to this unit on Thursday, August 15, 1996
It is in my opinion AMMUNITION as defined in Chapter 140, Section 121.

_____
(Officer, Boston Police Department)

_____
(Ballistician, Boston Police Department)

Subscribed and sworn to before me on Tuesday, August 20, 1996
I know this subscriber to be a qualified ballistics expert of the Boston Police Department.

_____
(Notary Public)
LAUREN G. TORO
Notary Public
My Commission Expires March 20, 2003
My Commission Expires

MASXP-20061221            **Commonwealth of Massachusetts**            02/22/2007
                                 SUFFOLK SUPERIOR COURT            12:30 PM
                                         Case Summary
                                         Criminal Docket

## SUCR1996-11470
## Commonwealth v Robinson, Tavon

| | | | | | |
|---|---|---|---|---|---|
| File Date | 10/02/1996 | Status | Disposed (sentenced) (dsenimp) | | |
| Status Date | 01/23/2002 | Session | 1 - Criminal 1 Ctrm 704 | | |
| Jury Trial | Unknown | Origin | I - Indictment | | |
| Lead Case | | | | | |
| Arraignment | 11/21/1996 | Track | I - Inventory | Final PTC | |
| Disp. Deadline | 11/21/1997 | Deadline Status | Active since return date | Status Date | 11/22/1996 |
| Pro Se Deft | No | Custody Status | | Start Date | |
| Weapon | Miscellaneous | Substance | Class D | Prior Record | Unknown |

### OFFENSES

| Num | Offense | Code | Town | Status | Status Date |
|---|---|---|---|---|---|
| 1 | 08/14/1996 | 269:010:a | | Dismissed | 07/28/1997 |
| | Dang weapon, possess gun, no license, on person/in MV | | | | |
| 2 | 08/14/1996 | 269:010:h.1 | | Guilty plea | 07/28/1997 |
| | Dang weapon, possess/transfr gun/ammo, no ID card | | | | |
| 3 | 08/14/1996 | 094C:034.1 | | Guilty plea | 07/28/1997 |
| | Controlled substnc, possess | | | | |
| 4 | 08/14/1996 | 094C:034.1 | | Guilty plea | 07/28/1997 |
| | Controlled substnc, possess | | | | |
| 5 | 08/14/1996 | 094C:034.1 | | Guilty plea | 07/28/1997 |
| | Controlled substnc, possess | | | | |

### PARTIES

**Defendant**
Tavon Robinson
2 Jarvis Place
Roxbury, MA 02119
DOB: 02/24/1979
Gender: Male
A.D.A. S. Richmond
Active 09/10/1996 Notify

**Private Counsel 229940**
Herman W Hemingway
294 Washington Street
Boston, MA 02108
Phone: 617-426-2427
Fax: 617-426-2427
Active 11/29/1999

**Private Counsel 555551**
Peter J Stelzer
138 Newbury Street
Suite 3
Boston, MA 02116-
Phone: 617-927-9500
Fax: 617-262-0046
Withdrawn 11/29/1999

case01 137918 y y y y y y                                                Page 1 of 5

MASXP-20061221     02/22/2007
**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
Case Summary
Criminal Docket
12:30 PM

### SUCR1996-11470
### Commonwealth v Robinson, Tavon

| | |
|---|---|
| **Plaintiff**<br>Commonwealth<br>Gender: Unknown<br>Active 09/10/1996 Notify | **District Atty's Office 561962**<br>Shelley Richmond Joseph<br>897 Washington Street<br>PO Box 600641<br>Newtonville, MA 02460<br>Phone: 617-332-4181<br>Fax:<br>Withdrawn 07/28/1997 |

**ENTRIES**

| Date | Paper | Text |
|---|---|---|
| 09/10/1996 | | Case opened to issue docket# to grand jury |
| 10/02/1996 | 1.0 | Indictment returned |
| 10/02/1996 | 2.0 | Motion by Commonwealth for arrest warrant to issue; filed & allowed (Volterra, J.) |
| 10/02/1996 | | Warrant on indictment issued via WMS#35706 |
| 11/21/1996 | | Brought into Court |
| 11/21/1996 | | Deft arraigned before Court. |
| 11/21/1996 | | Deft waives reading of indictment. |
| 11/21/1996 | | RE offense 1: Plea of not guilty |
| 11/21/1996 | | RE offense 2: Plea of not guilty |
| 11/21/1996 | | RE offense 3: Plea of not guilty |
| 11/21/1996 | | RE offense 4: Plea of not guilty |
| 11/21/1996 | | RE offense 5: Plea of not guilty |
| 11/21/1996 | | Deft notified of right to request drug exam. |
| 11/21/1996 | | Bail set: $2,000. transit - Dorchester Dist Ct. #9507 CR 0121. Bail warning given. Wilson, AC/M - S. Richmond, ADA - L. Barone, Court Reporter - H. Hemington, Attorney. |
| 11/21/1996 | | Warrant recalled via WMS |
| 12/26/1996 | 3.0 | Pre-trial conference report filed. |
| 01/22/1997 | | Defendant not in court. |
| 01/22/1997 | | Continued to 1/28/97 hearing re: Motions. Wilson, AC/M - S. Richmond, ADA - B. Urquhart, Court Reporter |
| 02/04/1997 | 4.0 | Deft files: Motion to suppress and affidavit in support. |
| 04/29/1997 | | Defendant not in court. |
| 04/29/1997 | | Rule 36 waived. Ball, J - D. Coffey, ADA - D. McLean, Court Reporter - H. Hemmingway, Attorney |
| 07/25/1997 | | Sentence imposed: Probation 5 years. |
| 07/25/1997 | | Sentence imposed: Probation 5 years. |
| 07/25/1997 | | Sentence imposed: Probation 5 years |
| 07/25/1997 | | Sentence imposed: Probation 5 years. |
| 07/25/1997 | | Plea agreement filed. |
| 07/25/1997 | | Victim-witness fee assessed: $35.00. |
| 07/25/1997 | | Drug fee assessed: $35.00. |
| 07/25/1997 | | Probation supervision fee waived. Community service to be performed under plea agreement. |
| 07/28/1997 | | RE offense 2: Guilty plea |

MASXP-20061221                                                                                                                02/22/2007
Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket
12:30 PM

### SUCR1996-11470
### Commonwealth v Robinson, Tavon

| Date | Paper | Text |
|---|---|---|
| 07/28/1997 | | RE offense 3: Guilty plea |
| 07/28/1997 | | RE offense 4: Guilty plea |
| 07/28/1997 | | RE offense 5: Guilty plea |
| 07/28/1997 | | RE offense 1: Dismissed on the oral motion of the Commonwealth. Defendant not objecting thereto. White, J. - S. Richmond, ADA - H. Hemingway, Attorney - M. Wrighton, Court Reporter |
| 07/26/1999 | 5.0 | Probation officer's notice to defendant to appear on 8/4/99 for a hearing surrender, filed. |
| 08/04/1999 | | Comes into court. Final surrender hearing. After hearing, defendant found in violation of probation. Case continued to original date of probation 7/28/02. |
| 08/04/1999 | | Appointment of Counsel Stelzer. Borenstein, J. - T. Hillman, Probation Officer - D. McLean, Court Reporter - P. Stelzer, Attorney. |
| 09/13/1999 | 6.0 | Probation officer's notice to defendant to appear on 10/6/99 for a hearing on surrender, filed. |
| 10/29/1999 | 7.0 | Probation officer's notice to defendant to appear on 11/24/99 for a hearing on surrender, filed. |
| 11/24/1999 | 8.0 | Defendant not in Court. Joint Final Probation Surrender Hearing Report, filed. |
| 11/24/1999 | | Withdrawal of appearance filed by Peter J Stelzer, allowed. |
| 11/24/1999 | | Appearance of Deft's Atty: Herman W Hemingway. Wilson, AC/M R. Wright-Smith, P.O. - D. Cullinan, Court Reporter - H. Henningway, Attorney. |
| 02/07/2000 | | Comes into Court. Final Surrender Hearing: After hearing, defendant found to be in violation of probation. Probation extended to 9/9/2002. Gershengorn, J. - T. Hillman, P.O. - D. McLean, Court Reporter - H. Hemingway, Attorney |
| 02/26/2001 | 9.0 | Comes into court, surrendered by Probation Officer. Seven day notice of surrender, filed. |
| 02/26/2001 | | Deft released on personal recognizance in sum of $100.00 without prejudice. Bail warning read. Wilson, AC/M - T. Hillman, Probation Officer - M. McDonald, Court Reporter. |
| 03/23/2001 | 10.0 | Comes into Court - Joint final probation surrender hearing report. |
| 03/23/2001 | 11.0 | Motion for subpoena filed. |
| 03/23/2001 | | Motion (P#11) allowed (Gary D. Wilson). Hold until 04/30/01. T. Hillman, PO - J. Gibbs, Court Reporter - |
| 05/14/2001 | 12.0 | Defendant not in Court. Joint probation report filed. |
| 05/14/2001 | 13.0 | Request by probation for a summons filed. |
| 05/14/2001 | | Motion (P#13) allowed. (Stephen E. Neel, Justice) - D. Franey, APO - M. Wrighton, Court Reporter. (summons issued 5/15/01) |
| 06/01/2001 | | Defendant not in Court. New summons to issued. Neel, J - D. Gibbons, APO - D. McLean, Court Reporter |
| 06/04/2001 | | Summons issued for 6/11/01. |
| 07/23/2001 | 14.0 | Defendant not in court. Request for summons filed. |
| 07/23/2001 | | Motion (P#14) allowed. |
| 07/23/2001 | | Summons to issue for Boston Police Officers. Wilson, AC/M - T. |

| | | |
|---|---|---|
| MASXP-20061221 | Commonwealth of Massachusetts<br>SUFFOLK SUPERIOR COURT<br>Case Summary<br>Criminal Docket | 02/22/2007<br>12:30 PM |

## SUCR1996-11470
## Commonwealth v Robinson, Tavon

| Date | Paper | Text |
|---|---|---|
| | | Hillman, Probation Officer - P. Pietrella, Court Reporter. (Summons issued on 7/23/01) |
| 07/30/2001 | | Brought into Court. Paper #14 endorsed as follows: "New Summons to Issue for 9/7/01". Spurlock, RAJ 0 T. Hillman, P.O. - K. Canty, Court Reporter - H. Hemingway, Attorney |
| 09/07/2001 | | Defendant brought into Court. Court orders a new summons to issue for police officers. (refer to paper #14 for names) McEvoy, J. - T. Hillman, PO - R. Romanow, Court Reporter - H. Hemingway, Attorney. |
| 09/27/2001 | 15.0 | Probation officer's notice to defendant to appear on: 10/12/01 for a hearing on surrender, filed. |
| 01/23/2002 | | Defendant brought into court. Hearing re: final probation surrender. After hearing court finds defendant in violation of terms and conditions of probation. |
| 01/23/2002 | 16.0 | Court orders probationary sentences imposed on 7/28/1997 revoked as to offenses #002,003,004,005. |
| 01/23/2002 | | Defendant sentenced as to offense #002 - Suffolk County House of Correction at South Bay. Six months committed. Mittimus issued. |
| 01/23/2002 | | Defendant sentenced as to offense #003 - Six months Suffolk County House of Correction at South Bay to be served concurrently with offense #002. Mittimus issued. |
| 01/23/2002 | | Defendant sentenced as to offense #004 - Suffolk County House of Correction at South Bay to be served concurrently with offense #002. Mittimus issued. |
| 01/23/2002 | | Defendant sentenced as to offense #005 - Suffolk County House of Correction at South Bay to be served concurrently with sentence imposed on offense #002. Mittimus issued. |
| 01/23/2002 | | Probation supervision fee assessed in arrears ordered waived. |
| 01/23/2002 | | Order on statutory fees, filed. |
| 01/23/2002 | | Sentence credit given as per 279:33A: zero days. Lauriat, J. - T. Hillman, Probation Officer - K. Considine, Court Reporter - H. Hemingway, Attorney. |
| 08/26/2005 | | Notice of assignment of counsel assigning Attorney Alba Baccardi for Collateral Enhanced Screening filed. filed. |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 11/21/1996 | Criminal 1 Ctrm 704 | Arraignment | Event held as scheduled |
| | | Habe issued to Division of Youth Services on 11/13/96. | |
| 12/26/1996 | Criminal 1 Ctrm 704 | Conference: Pre-Trial | Event held as scheduled |
| 01/22/1997 | Criminal 1 Ctrm 704 | Hearing: Motion | |
| | | All motions to be filed on or before 01/15/97. Continuance by agreement | |
| 02/20/1997 | Criminal 1 Ctrm 704 | | |
| | | Continuance by agreement. | |
| 03/10/1997 | Criminal 1 Ctrm 704 | | |
| | | Continuance by agreement. | |
| 03/21/1997 | Criminal 1 Ctrm 704 | Hearing: Motion | |
| | | Continuance by agreement at 2:00PM. | |

MASXP-20061221            Commonwealth of Massachusetts            02/22/2007
SUFFOLK SUPERIOR COURT            12:30 PM
Case Summary
Criminal Docket

### SUCR1996-11470
### Commonwealth v Robinson, Tavon

| Date | Session | Event | Result |
|---|---|---|---|
| 04/29/1997 | Criminal 1 Ctrm 704 | Hearing: Motion | |
| | | Continuance by agreement | |
| 07/21/1997 | Criminal 1 Ctrm 704 | Conference: Trial Assignment | Event held as scheduled |
| | | Continuance by agreement. | |
| 08/04/1999 | Criminal 1 Ctrm 704 | Hearing: Probation Surrender | Event held as scheduled |
| 10/06/1999 | Criminal 1 Ctrm 704 | Hearing: Probation Surrender | |
| 10/29/1999 | Criminal 1 Ctrm 704 | Hearing: Probation Report | Event canceled not re-scheduled |
| | | Continuance by agreement rE: Filing of Probation report | |
| 11/24/1999 | Magistrate Ctrm 705 | Hearing: Probation Surrender | Event held as scheduled |
| 01/26/2000 | Criminal 1 Ctrm 704 | Hearing: Probation Surrender | Event not held--scheduled for another date |
| | | Continunace by agreement. | |
| 02/07/2000 | Criminal 1 Ctrm 704 | Hearing: Probation Surrender | Event held as scheduled |
| 02/09/2000 | Criminal 1 Ctrm 704 | Hearing: Probation Surrender | Event not held--scheduled for another date |
| | | Continuance by agreement re: Final surrender - no further continuances | |
| 03/23/2001 | Magistrate Ctrm 705 | Hearing: Probation Report | Event held as scheduled |
| | | Continuance by agreement re: filing | |
| 05/14/2001 | Criminal 1 Ctrm 704 | Hearing: Probation Surrender | Event not held--scheduled for another date |
| | | by agreement. One-half hour. | |
| 06/01/2001 | Criminal 1 Ctrm 704 | Hearing: Probation Surrender | Event not held--scheduled for another date |
| | | by agreement re: final | |
| 06/11/2001 | Criminal 1 Ctrm 704 | Hearing: Probation Surrender | Event not held--scheduled for another date |
| | | Continuance by agreement re: final surrender. Habe issued. | |
| 07/30/2001 | Criminal 1 Ctrm 704 | Hearing: Probation Surrender | Event held as scheduled |
| | | Continuance by agreement. Habe issued 6/11/01. | |
| 09/07/2001 | Criminal 1 Ctrm 704 | Hearing: Probation Surrender | Event held as scheduled |
| | | Continued by agreement. | |
| 10/12/2001 | Criminal 1 Ctrm 704 | Hearing: Probation Surrender | Event held as scheduled |
| | | Continuance by agreement. Final Surrender. Habe issued 9/10/01. | |
| 10/29/2001 | Criminal 1 Ctrm 704 | Hearing: Probation Surrender | Event held as scheduled |
| | | Continaunce by agreement. re: Final | |
| 11/16/2001 | Criminal 1 Ctrm 704 | Hearing: Probation Surrender | Event not held--scheduled for another date |
| | | Continuance by agreement. re: Final | |
| 12/14/2001 | Criminal 1 Ctrm 704 | Hearing: Probation Surrender | Event not held--joint request |
| | | continuance by agreement re: final | |
| 01/14/2002 | Criminal 1 Ctrm 704 | Hearing: Probation Surrender | Event not held--joint request |
| | | continuance by agreement re: final surrender. | |
| 01/23/2002 | Criminal 1 Ctrm 704 | Hearing: Probation Surrender | Event held as scheduled |
| | | continuance by agreement re: final surrender. ( 45 minutes ) | |

MASXP-20050621     Commonwealth of Massachusetts     A-6     11/23/2005
SUFFOLK SUPERIOR COURT     11:37 AM
Case Summary
Criminal Docket

## SUCR2001-10654
### Commonwealth v Robinson, Tavon

| | | | |
|---|---|---|---|
| File Date | 07/18/2001 | Status | Disposed (disp) |
| Status Date | 01/29/2004 | Session | 2 - Criminal 2 Ctrm 806 |
| Jury Trial | Yes | Origin | I - Indictment |
| Lead Case | SUCR2001-10671 | | |

### OFFENSES

| Num | Offense | Code | Status | Status Date |
|---|---|---|---|---|
| 1 | 08/14/1996 | 269:010:a | Not guilty verdict | 01/29/2004 |
| | Dang weapon, possess gun, no license, on person/in MV | | | |

### PARTIES

**Plaintiff**
Commonwealth
Gender: Unknown
Active 07/18/2001

**Defendant**
Tavon Robinson
361 Sommerville Avenue
Somerville, MA 02143
DOB: 02/24/1979
Gender: Male
Active 07/18/2001

**Surety**
Brian Morris
15 Dana Rd.
Reading, MA
Gender: Unknown
Active 10/07/2003

**District Atty's Office 635730**
Masai-Maliek King
Suffolk County District Atty's Office
1 Bulfinch Place
3rd floor
Boston, MA 02114-2997
Phone: 617-619-4000
Fax: 617-619-4210
Active 07/18/2001 Notify

**Private Counsel 492240**
John Tardif
21 Pauline Street
Winthrop, MA 02152
Phone: 617-846-7550
Active 10/09/2003 Notify

**Private Counsel 357940**
John P Moss
675 Massachusetts Avenue
PO Box 390088
Cambridge, MA 02139
Phone: 617-491-1129
Fax: 617-876-0780
Inactive 10/09/2003

### ENTRIES

case01 209173 y y y y y y y