```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

TAVON ROBINSON                    )
                                  )    CIVIL ACTION NO.
                                  )
        v.                        )    04-cr-10168-PBS
                                  )
UNITED STATES OF AMERICA,         )
        Respondent                )
                                  )
```

**Government's Memorandum In Opposition To**
**Petitioner's Motion To Vacate Or Correct Sentence**

The United States respectfully submits that Petitioner's pro se petition to vacate or correct his sentence pursuant to 28 U.S.C. § 2255 should be denied.

**Procedural Background**

Petitioner Tavon Robinson("Petitioner") and four others were arrested on April 12, 2007. On April 13, 2004, Chief United States Magistrate Judge Marianne B. Bowler issued a criminal complaint charging that Petitioner and others did knowingly and intentionally combine, conspire, confederate, and agree with each other to distribute cocaine base, a Schedule II controlled substance in violation of 21 U.S.C. §846. On May 27, 2004, Petitioner was indicted by a federal grand jury and charged in Count One with conspiracy to possess with intent to distribute, and to distribute, cocaine in violation of 21 U.S.C. §846; in Count Three with possession with intent to distribute, and distribution of, cocaine, and aiding and abetting in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2; in Count Four with being a felon in possession of firearms in violation of 18 U.S.C.

§922(g)(1); and in Count Five with possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. §924(c)(1)(a).  The indictment also contained a criminal forfeiture allegation which included Petitioner.  On December 16, 2004, a federal grand jury returned a superseding indictment charging Petitioner with the same offenses as charged in the original indictment.  The superseding indictment contained a Notice of Additional Factors alleging Petitioner was responsible for at least 25, but less than 50, grams of cocaine.

On January 3, 2005, Petitioner pled not guilty to the superseding indictment and trial commenced.  On January 5, 2005, on day two of his trial, Petitioner changed his plea to guilty on Counts One and Three.  The trial continued on the remaining charges until January 10, 2005, when the jury returned a verdict of guilty to Counts Four and Five.  On April 27, 2005, the District Court sentenced Petitioner to a period of 137 months imprisonment, three years of supervised release, and a $400 special assessment.  The sentence consisted of 77 months for each of Counts One, Three, and Four, to run concurrently, and 60 months for Count Three to run consecutively.  Petitioner appealed his sentence.  The Court of Appeals affirmed Petitioner's convictions and sentence on January 11, 2007.  U.S. v. Robinson, 473 F.3d 387, 401 (1st Cir. 2007).

Petitioner filed a motion, *pro se*, in this Court on June 20,

2008, seeking relief under 28 U.S.C. § 2255. In his petition ("the Petition"), Petitioner appears to make seven claims. First, Petitioner claims that he received a sentence in excess of the maximum authorized by law and requests that the District Court review and vacate prior state convictions and recalculate his sentence. Petitioner also alleges under this claim that his criminal history is overstated and was improperly increased by considerations of misdemeanors and petty offenses. Petitioner also alleges under this claim that a two level increase for obstruction of justice is unconstitutional. Finally, under this claim, Petitioner challenges the constitutional use of prior criminal conduct to determine sentence.

Petitioner's second claim is that his trial consisted of unconstitutional jury proceedings, and alleges that no officer of the court inquired about a potential biased juror or informed Petitioner of a potentially biased juror. Petitioner claims that the possibility of a biased juror necessitates a new trial. Also included in this claim is Petitioner's allegation that there was an under representation of minorities and members of his community/district (Suffolk County) on the jury. Petitioner requests a new trial on the grounds that the jurors who were selected for his trial were not fair and impartial.

Third, Petitioner argues that it was improper for the jury to receive evidence that he had been previously convicted of a

felony, and that the use of the word "felon" in Petitioner's indictment served no legal purpose. Petitioner requests that the Court vacate his conviction under 18 U.S.C. §922(g)(1), for being a felon in possession of a firearm.

Fourth, Petitioner claims a violation of the Speedy Trial Act, claiming that the amount of time between his arrest and indictment was greater than the 30-day maximum allowed by 18 U.S.C. §3161(b).

Fifth, Petitioner claims that new evidence was discovered during the course of his trial and that this new evidence warranted a continuance. Petitioner fails to identify what "new evidence" was discovered during trial. Petitioner also claims that this evidence was improperly introduced and that, if it had been properly introduced, it was sufficient to acquit him of his charges. Petitioner requests a new trial in which he can properly introduce this evidence.

Sixth, Petitioner claims prosecutorial misconduct, alleging that the Government improperly focused heavily on his prior involvement with drugs. Petitioner requests a new trial in response to his allegations that the Government referred to his prior drug involvement only to cast a negative shadow on his character.

Finally, Petitioner claims ineffective assistance of counsel in various claims, outlined below.

**Argument**

**A.   Habeas Review Under 28 U.S.C. §2255**

Title 28, United States Code, §2255 provides a means for collateral attack on the sentence under which a federal prisoner is confined.  United States v. Haymen, 342 U.S. 205 (1952).  The law is "well-settled" that "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal."  United States v. Frady, 456 U.S. 152, 166 (1982).  "A presumption of finality attaches to criminal convictions once all direct appeals have been exhausted."  Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994).  See also Barefoot v. Estelle, 463 U.S. 880, 887 (1983).

In order for relief to lie under §2255, the claimed error must be jurisdictional, constitutional, "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure."  United States v. Addonozio, 442 U.S. 178, 185 (1979); Hill v. United States, 368 U.S. 424, 428 (1962).  Simply put, "post conviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton, 26 F.3d at 236; See also Brecht v. Abrahamson, 507 U.S. 619, 634-634 (1993).

**B. Claims Barred on Procedural Grounds**

Courts usually will not entertain a claim under §2255 if the

movant could have, but did not, raise such claim pretrial, at trial, or on direct appeal. See United States v. Frady, 456 U.S. 152, 162-166 (1982); Awon v. United States, 308 F.3d 133, 142 (1st Cir. 2002) (challenge to sufficiency of the evidence waived by failure to raise issue on direct appeal). In order to obtain Section 2255 relief despite such procedural default a movant must show (1) cause for failure to assert the claim in earlier proceedings; and (2) actual prejudice from the alleged error. Frady, 456 U.S. at 170-171.

Such a showing of "cause and prejudice" is not required under the following sets of circumstances. First, where the movant seeks Section 2255 relief based on facts not developed at trial, if ignoring such facts would lead to a fundamental miscarriage of justice. Such claims, however, are typically confined to claims involving a "colorable showing of factual innocence." See United State v. MacDonald, 966 F.2d 854, 859 (4th Cir. 1992); Dyer v. United States, 23 F.3d 1421, 1423 (8th Cir. 1994); United States v. Cox, 83 F.3d 336, 341 (10th Cir. 1996); see also Knight v. United States, 37 F.3d 769, 773 (claim that sentence was based on misapplication of Sentencing Guidelines, when petitioner alleged facts relating to sentencing that were not fully developed, was not cognizable as a fundamental miscarriage of justice).

Second, cause and prejudice is not required if the

6

government failed to object to the consideration of newly raised issues. See United States v. Metzger, 3 F.3d 756, 757 (4th Cir. 1993) (petitioner could raise new issue not presented on direct appeal because government failed to object).

Third, a showing of cause and prejudice is not required if the §2255 motion raises certain constitutional claims that may be adequately presented only on collateral review, such as a claim of ineffective assistance of counsel. See Cody v. United States, 249 F.3d 47, 52 (1st Cir. 2001) (ineffective assistance of counsel claim appropriate under 2255 without showing of cause and prejudice).

Furthermore, a petition under §2255 should be dismissed by the district court if it raises claims that were previously decided on direct appeal or could have been raised on direct appeal and were not. See Sunal v. Large, 332 U.S. 174, 178 (1947)(a 2255 petition "will not be allowed to do service fo an appeal"); United States v. Addonizio, 442 U.S. 178, 184-85 (1979); United States v. Timmreck, 441 U.S. 780 (1979); Hill, 368 U.S. at 427-28 (1962). "Section 2255 is not a surrogate for a direct appeal." David v. United States, 134 F. 3d 470, 474 (1st Cir. 1998).  An exception to this rule can be made if the movant relies on: (1) newly discovered evidence; or (2) an intervening change in the law, and the new law meets the retroactivity rule of Teague v. Lane, 489 U.S. 288, 307 (1989).

Petitioner raised only three arguments on appeal: prosecutorial misconduct during closing arguments, insufficient evidence, and improper sentencing with regards to comments made by the District Court during sentencing. United States v. Robinson, 472 F.3d 387, 393 (1st Cir. 2007). On appeal, Petitioner did not raise six of his seven present arguments on appeal. Specifically, he did not raise claims of his sentence being in excess of what is authorized by law, alleged unconstitutional jury proceedings, prejudice of 18 U.S.C. 922 (g)(1), violation of the Speedy Trial Act, improper introduction of evidence, and prosecutorial misconduct outside of the Government's closing arguments. There is clearly nothing about Petitioner's new claims that could not have been raised on direct appeal.

Petitioner additionally fails to show any newly discovered evidence or an intervening change in the law which could serve as an exception to the barring of those claims not brought on appeal. Furthermore, Petitioner cannot show sufficient cause and prejudice for such default. For these reasons, as stated above, Petitioner's motion under §2255 involving these five claims should be denied.

**C.   Ineffective Assistance of Counsel**

The Sixth Amendment to the United States Constitution states that "in all criminal prosecutions, the accused shall enjoy the

right . . . to have assistance of counsel for his defense." U.S. Const. Amend. VI. "It has long been recognized that the right to counsel is the right to effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771, n. 14 (1970). However, the United States Supreme Court has held that "judicial scrutiny of counsel's performance must be highly deferential." Strickland v. Washington, 466 U.S. 668, 689 (1984). Therefore, courts must "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Id. at 689.

The standard employed for determining the merits of ineffective assistance claims is whether the assistance of defense counsel was reasonably competent, i.e., whether the quality of defense counsel's representation was within the range of competence expected of attorneys in criminal cases. United States v. Bosch, 584 F.2d 1113, 1121 (1st Cir. 1978). Effective representation does not mean errorless representation and "a choice between trial tactics, which appears unwise only in hindsight, does not constitute constitutionally-deficient representation under the reasonably competent assistance standard." Bosch, 584 F.2d at 1121. See also United States v. Thomann, 609 F.2d 560, 566 (1st Cir. 1979); United States v. Garcia, 698 F.2d 31, 35 (1st Cir. 1983). Moreover, even deficient representation is legally insignificant unless accompanied by actual prejudice. United States v. McGill, 11 F.3d

9

223, 226 (1st Cir. 1993) ("petitioner must establish both constitutionally deficient performance on his attorney's part and concomitant prejudice").

In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test for a claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the 6th Amendment. Second, the defendant must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

A §2255 petitioner must demonstrate ineffective assistance of counsel, as well as an entitlement to §2255 relief, by a preponderance of the evidence. Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993); Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992).

Petitioner alleges that his attorney was ineffective during various stages of his legal process. Petitioner claims that his attorney failed to file a motion to vacate prior convictions at the state level; that his attorney failed to inform him of an alleged potentially biased juror; that his attorney failed to move the court to dismiss his indictment based on an alleged violation of the Speedy Trial Act; that his attorney failed to ask for a continuance and properly investigate evidence used at

10

Petitioner's trial; that his attorney failed to object to alleged misconduct by the Government and to request proper instructions; that his attorney admitted Petitioner's guilt on drug counts and refused to allow Petitioner to plead guilty to those counts prior to trial; that his attorney should have stipulated with the Government that no fingerprint evidence was present; that his attorney should not have stipulated with the Government to Petitioner's prior convictions; and that his attorney failed to explain sentencing properly to Petitioner and misrepresented the amount of time that Petitioner was facing.

**1. Alleged Failure to File Motions to Vacate Prior Convictions**

Petitioner argues that his trial counsel refused to file motions in state court to vacate his prior state convictions that were used to increase his federal sentence in this case. However, Petitioner has failed to identify any specific objections to these convictions that would have caused the state court to vacate the convictions. See U.S. v. Ortiz Oliveras, 717 F.2d 1 (1st cir. 1983)(Tactical decisions by counsel, wise or unwise, cannot ordinarily form the basis of a claim of ineffective assistance); U.S. v. Woodard, 291 F.3d 95, 108 (1st Cir. 2002)(Counsel's failure to file a motion he considered meritless, despite defendant's desire to have the motion filed, was not grounds for substitution of counsel)(An attorney is not obligated to pursue weak options "when it appears, in light of

11

informed, professional judgment, that a defense is implausible or insubstantial" Tuitt v. Fair, 822 F.2d. 166, 174 (1st Cir. 1987) quoting Cepulonis v. Ponte, 699 F.2d 573,575 (1st Cir. 1983)).

### 2. Alleged Failure to Inform Petitioner of Potentially Biased Juror

Petitioner argues that his trial counsel failed to inform him of a potentially biased juror and also failed to object to the jury selection procedure.  Petitioner fails to identify which juror he believes was potentially biased and he fails to articulate the alleged bias.  Petitioner claims that there was a clear under representation of minorities in the jury pool and on the jury.  However, Petitioner fails to demonstrate any prejudice from the inclusion of any juror or the jury selection procedure. Petitioner's failure to demonstrate prejudice shows that his counsel's decisions in the voir dire process do not rise to the level of ineffective assistance of counsel.  See Mello v. DiPaulo, 295 F.3d 137, 147 (1st Cir. 2002) (No ineffective assistance of counsel where an attorney failed to exercise peremptory challenges against jurors thought by defendant to be biased where juror swore she could be fair and impartial).

### 3. Alleged Failure to Move For Dismissal of Indictment Based on Alleged Violation of Speedy Trial Act

Petitioner argues that his trial counsel rendered ineffective assistance by not moving the District Court to

dismiss Petitioner's indictment because of an alleged violation of the Speedy Trial Act. The Speedy Trial Act mandates that "any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges" 18 U.S.C.A. §3161(b). Several periods of delay are excluded in the calculation of the thirty days, to include delay resulting from any proceeding under advisement of the court, delays resulting from any agreed upon continuance, and delays from any pretrial motions. 18 U.S.C.A. §3161(h)(1).

Petitioner was arrested on April 12, 2004. He was indicted on May 27, 2004, which is 45 calendar days after his arrest. There were several periods of delay that exclude many of these 45 days, however, in accordance with 18 U.S.C.A. §3161(h)(1), as outlined below:

Excluded period #1: Arrest on April 12, 2004. The date of arrest is not included in the 30-day Speedy Trial Act calculation as outlined in the statute. See 18 U.S.C.A. §3161(b); Fed. Rules. Cr. Proc. Rule 45(a)(1)("Exclude the day of the act, event, or default that begins the period.")

Excluded period #2: Initial appearance on April 13, 2004. The day of Petitioner's initial appearance is excluded from the 30-day Speedy Trial Act calculation in accordance with 18

U.S.C.A. §3161(h)(1).

Excluded period #3: Continuance from April 13, 2004 to April 26, 2004. At the initial appearance, a period of continuance was granted by Chief Magistrate Judge Marianne B. Bowler. These 13 days are excluded from the 30-day Speedy Trial Act calculation in accordance with 18 U.S.C.A. §3161(h)(8)(A)(Any period of delay resulting from a continuance granted by any judge.)

Excluded period #4: Proceedings and Preliminary Examination of Petitioner from April 26, 2004 to May 3, 2004. These seven days are excluded from the 30-day maximum in accordance with 18 U.S.C.A. §3161(h)(1)(J). (Delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.)

Accounting for all the above-mentioned exclusions due to arrest, continuances, and proceedings between the time of Petitioner's arrest and the time of his indictment, there were 21 days excluded from the 45 days between Petitioner's arrest and indictment. The first day in the period between Petitioner's arrest and indictment that counts toward the 30-day Speedy Trial Act calculation is May 4, 2004. Between May 4, 2004, and the date of Petitioner's indictment, May 27, 2004, only twenty-four days elapsed. Petitioner's objection to his counsel's failure to file a Speedy Trial Act violation motion to dismiss is meritless.

See Woodard, 291 F.3d at 298.

### 4. Alleged Failure to Request Continuance and Properly Investigate Evidence

Petitioner also argues that new evidence was discovered during trial and alleges that his attorney failed to request a continuance and properly investigate this evidence.  Petitioner fails, however, to identify what type of evidence was discovered and how this evidence would be sufficient to acquit him of the charges against him.  Additionally, the burden is on the trier of fact to interpret the evidence as presented. See Oliveras, 717 F.2d 1, 4 (1st Cir. 1983)(Counsel's failure to strike testimony from government witnesses did not constitute ineffective assistance of counsel as it was a matter of credibility for trier of fact).  Also, the weight of the evidence against Petitioner was such that his counsel's investigation of new evidence would not have been likely to change the verdict of the jury.  See Thompson v. Spencer, 111 Fed.Appx. 11, 14 (1st Cir. 2004)(Counsel's failure to investigate and present evidence was not deficient performance supporting claim of ineffective assistance of counsel where ample government evidence made investigation unlikely to change jury verdict).

### 5. Alleged Failure to Object to Alleged Governmental Misconduct

Petitioner argues that his trial counsel provided

15

inconsistent objections to previously addressed alleged Governmental misconduct throughout his trial, making his counsel ineffective.  During Petitioner's appeal, however, governmental misconduct was one of his three primary arguments and the Appeals Court determined that misconduct did not exist. U.S. v. Robinson, 473 F.3d 387, 398 (1st Cir. 2007).  Any additional objections to this alleged Governmental misconduct are meritless given this ruling by the Appeals Court. See Acha v. U.S., 910 F.2d 28, 32 (1st Cir. 1990)(Trial counsel not obligated to raise meritless claims and failure to do so does not constitute ineffective assistance).

### 6. Admittance of Petitioner's Guilt and Alleged Failure to Allow Petitioner to Plead Guilty Prior to Trial

Petitioner argues that his trial counsel admitted to Petitioner's guilt on the drug charges as a trial strategy and refused to let Petitioner plead guilty to those charges prior to trial.  In trial counsel's opening statement to the jury, he stated "There's absolutely no issue at all that he did conspire with the others to sell cocaine, that he did sell it.  There's not questions at all about that.  We're not fool enough to go up and say that didn't happen."  Tr. Transcr. Vol. 1, 41 (January 3, 2005). Petitioner admits in his §2255 motion that the evidence against him during his trial was sufficient to secure a guilty verdict regarding his firearms charges.  He offers no demonstration that an earlier guilty plea on drug charges would

16

have changed the ultimate outcome of the jury on the firearms charges and therefore has failed to show prejudice as required. See Strickland, 466 U.S. at 694 (prejudice exists when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.")

### 7. Alleged Failure to Stipulate to Lack of Fingerprint Evidence and File Motions to Exclude Expert Testimony

Petitioner argues that his counsel incorrectly failed to stipulate with the Government that his fingerprints were not found on any evidence and that his counsel should have filed motions to exclude alleged prejudicial testimony of experts regarding this evidence. Petitioner fails to identify what specific testimony of the expert witness was improper or how the testimony prejudiced Petitioner. The lack of fingerprints on the evidence, to include the recovered firearm, was introduced during Petitioner's trial by the Government during direct examination of a member of the Massachusetts State Police. The witness explained how an individual could handle a weapon and not leave latent fingerprints. Tr. Transcr. Vol. 4-1, 88-92 (January 6, 2005). This testimony was properly admitted to explain the absence of Petitioner's fingerprints on the recovered weapon. As previously stated, the burden is on the trier of fact, the jury, in this case, to interpret the evidence as presented. Oliveras, 717 F.2d at 4. Petitioner presents no evidence to show that these defense decisions led to the type of prejudice required by

17

Strickland to indicate ineffective assistance of counsel. It is the view of this circuit that tactical decisions can generally not be the basis for a claim of ineffective assistance of counsel and that review into the competence of counsel should only be necessary where a defense decision is completely unreasonable, not merely wrong. U.S. v. Ortiz Oliveras, 717 F.2d 1, 3-4 (1st Cir. 1983). See Epsom v. Hall, 330 F.3d 49, 54 (1st Cir. 2003)(Unless the defense attorney's decisions are patently unreasonable, counsel's judgment is not constitutionally defective). Moreover, trial counsel had no ability to compel the Government to enter into such a stipulation.

**8. Alleged Stipulation of Prior Convictions**

Petitioner argues that his trial counsel incorrectly stipulated with the Government as to his previously mentioned prior state convictions, arguing that the Government should have had to prove that Petitioner committed the "alleged prior convictions." There is, however, no burden on the Government to prove a defendant committed a crime of which he has already been convicted in another court, and no evidence of prejudice to Petitioner as a result of his counsel's stipulation. See U.S. v. Shea, 211 F.3d 658, 672 (1st Cir. 2000)(Defense counsel's stipulation to a prior conviction was sound trial strategy, not ineffective assistance of counsel); U.S. v. Fuller, 768 F.2d 343, 347 (1st Cir. 1985)(While defense attorney's stipulations saved

18

the government leg work, defendant makes no showing that the stipulated factors were not readily provable through public records).

**9. Alleged Failure to Properly Explain Sentencing**

Petitioner argues that his trial counsel failed to properly explain how the advisory Sentencing Guidelines would affect his sentence and that his counsel misrepresented the amount of time that Petitioner was facing upon conviction. Petitioner fails, however, to indicate how the actions by his counsel in any way affected either the sentencing, the decision Petitioner made to plead guilty, or the fairness of the trial. See Knight v. U.S., 37 F.3d 769, 775 (1st Cir. 1994)(An inaccurate prediction regarding sentencing will generally not suffice as a claim for ineffective assistance of counsel.); David v. U.S., 134 F.3d 470, 477 (1st Cir. 1998)(Petitioner who received appropriate sentence under the Sentencing Guidelines could not assert ineffective assistance of counsel claim related to sentencing phase of trial.)

## Conclusion

For the forgoing reasons, Petitioner's motion filed under 28 U.S.C. §2255 should be denied. Petitioner's claims are either procedurally barred or clearly without merit.

```
                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                         By:  /s/David G. Tobin
                              David G. Tobin
                              Assistant U.S. Attorney
```

DATED:    August 8, 2008.

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

```
          Tavon Robinson
          #25182-038
          USP-2
          P.O. Box 1034
          Coleman, FL 33521
```

This 8th day of August 2008.

```
                               /s/David G. Tobin
                              DAVID G. TOBIN
                              ASSISTANT UNITED STATES ATTORNEY
```