United States District Court
District of Massachusetts

Tavon Robinson
    Petitioner,

v.

United States
    Respondent,

04-cr-10168-PBS

Robinson's reply to Government's Memorandum in opposition to Robinson's Motion to vacate or Correct Sentence

Comes now, Tavon Robinson, & files his reply to the governments Memorandum in opposition to his motion to vacate or correct sentence.

The government's assertions, that Robinson's claims are, "either procedurally barred or clearly without merit," are made in ignorance & bad faith. Due to the unavailing nature of the governments memorandum, their obvious avoidance of numerous meritorious claims raised by Robinson, as well as the lawless assertions made by the government, Robinson will mostly rely on his original motion, but will briefly address some of the governments allegations in this reply motion.

A) Habeas review under 28 U.S.C. §2255

Robinson clearly demonstrated a sufficient showing of fundamental unfairness, all throughout his legal process, in his 2255 motion, which makes post conviction relief available to him. All of Robinson's claimed errors are either Jurisdictional or Constitutional;

showing a complete miscarriage of Justice.

B) <u>Procedural Grounds</u>

The government claims that Robinson did not raise six of His seven present arguments on appeal, & that He can not show sufficient cause & prejudice for such default. [Gv. Opp. P. 8]. However, the government does not, & will not, assert that the six arguments are meritless. Robinson's claims have merit, & the fact that they were not raised at an earlier time confirms His claim of ineffective assistance of counsel, at numerous stages of the legal process. The court appointed Robinson Counsel, thus the court presumed that counsel was competent. Sense the court must indulge a strong presumption that counsels conduct falls within a wide range of reasonable professional assistance when determining an ineffective assistance of counsel claim, the court must also use common sense & logic when determining whether a major error, such as a procedural default, should be attributed to a defendant, or counsel representing the defendant. Any legal procedural default is attributed to counsel being ineffective, not Robinson. The court, & Robinson, put their trust in counsel making effective & correct legal decisions for Robinson.

C) <u>Ineffective Assistance of Counsel</u>

Robinson **demonstrated** ineffective assistance of Counsel, as well as an entitlement to 2255 relief, by a preponderance of the evidence & Constitution, in His motion.

1) Failure to **File** motions to vacate prior convictions

The government claimed, through ignorance of Robinson's motion, that Robinson failed to identify any specific objections to His convictions that would have caused the state court to vacate the convictions. Robinson attached, to His 2255, motions that He filed in the state courts, which identify the very specific reasons why the convictions Must be vacated. [Rob. 2255, Document 222-2 – 222-6].

2) <u>Potentially biased Juror and under representation of minorities</u>

see. [Rob. 2255, P. 7, 12]. Robinson clearly identified the potentially biased Juror, and articulated the bias, by citing [Day 2, P. 123-125] of His trial when He made the claim in His 2255 motion. The Juror's position in the jury box was identified, & the bias was made known to the court.

Robinson was also clear in demonstrating the prejudice presented through the Jury selection process at His trial.

3) <u>Failure to request Continuance and Properly investigate evidence</u>

see. [Rob. 2255, P. 9]. Robinson clearly identified the New evidence that was discovered during His trial, & how the evidence would be sufficient to acquit Him, if it were investigated properly.

4) <u>Inconsistant Objections</u>

The government is attempting to misguide the court as to the nature of Robinson's claim. Robinson claims that counsels inconsistant objections, <u>on a whole</u>, through out His trial made him ineffective. Though the appeals court ruled that the governments misconduct did not call for a reversal of Robinson's conviction, it never claimed that misconduct

did not exist, as the government would have you believe.

5) <u>Admittance of Guilt and Failure to allow Robinson to plead guilty Prior to trial.</u>

see. [Rob. 2255, P. 13, 14]. The government, again, wrongly asserts that Robinson offers no demonstration that an earlier guilty plea on drug charges would have changed the jury verdict on the firearms. Besides merely demonstrating that an earlier plea on drug charges would have changed the jury verdict, Robinson also shows counsels ignorance in regards to not pleading prior to trial.

6) <u>Failure to stipulate to lack of fingerprint evidence, and object to non probative prejudicial testimony of experts.</u>

The government continues to assert what Robinson "failed" to identify, when, in fact, Robinson continues to clearly identify all of his issues, in all of his claims.

To clarify any possible confusion which may have been caused by the government, Robinson wants to make clear that Kenneth Martin, employed by the Massachusetts State Police, was a detective lieutenant in charge of the crime scene service section. His sole purpose in testifying at Robinson's trial was as a fingerprint expert.

7) <u>Failure to Properly explain sentencing</u>

The government simply made a baseless assertation when stating that Robinson failed to indicate how the actions of counsel in any way affected either the sentencing, the decision he made to plead guilty or the fairness of the

trial. The Affidavit in support of Robinson's 2255 motion states, "Had Markham (counsel) correctly informed Me of the amount of time I was facing, and that My prior convictions would be made known to the jury, during trial, I would have sought a plea agreement instead of going to trial." Besides this fact, Robinson clearly indicates, all through out His motion, how counsels misadvice affected His sentencing, decision to plead guilty and the fairness of His trial.

8) <u>18 U.S.C. 922(g)(1) is unfairly Prejudicial</u>

Though the government failed to directly address this issue, they indirectly addressed it, **and** confirmed that Robinson is right. The government admits that there is, "no burden on the government to prove a defendant committed a crime of which he has already been convicted in another court..." [Gov. Opp. P, 18]

<u>Conclusion</u>

Absent an affidavit, from Attorney Paul Markham, that Robinson's claims are untrue, Robinson has met the burden of proof as to ineffective assistance of counsel.

The government failed to address the majority of Robinson's claims, under the disguise of them being, "barred on procedural grounds." Under the government's theory, no habeas petitioner would ever be able to obtain relief in a case of Procedural Default, even if it were clear the claim would be meritorious. The truthful and factual nature of Robinson's motion, in its entirety, far outweighs the

unpersuasive opposition presented by the government. The fact that the government did not attempt to oppose claims 1, 2, 3, 5 & 6 was not sound legal strategy based on law; it was simply an attempt at avoiding meritorious, Constitutional and Jurisdictional arguments.

For all of the above stated reasons, and incorporation of other pleadings as if referenced herein, Robinson is due to have His convictions vacated, entitled to a new trial, or at least a re-sentencing.

### Certificate of Service

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

United States District Court
Office of the Clerk
John Joseph Moakley Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

This 19th day of August 2008.

Tavon Robinson
T-R
#25182-038
USP-2/ P.O. Box 1034
Coleman, FL 33521